J-S09023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VIDEL LAMONT LITTLE | |
| Appellant | No. 1006 MDA 2015 |

Appeal from the Order March 17, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002212-2012
CP-22-CR-0004396-2012

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 05, 2016**

Videl Lamont Little appeals *nunc pro tunc* from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).  42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

In June 2013, Little pled guilty under two docket numbers to robbery,[1] conspiracy,[2] firearms not to be carried without a license,[3] possession of a firearm by a minor,[4] resisting arrest,[5] and escape.[6]  On June 6, 2013, Little

_____

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 903(c).

[3] 18 Pa.C.S. § 6106(a)(1).

[4] 18 Pa.C.S. § 6110.1(a).

was sentenced on the first docket number to concurrent terms of imprisonment of 5-10 years for the robbery conviction and 5-10 years for the conspiracy conviction, a consecutive term of 2-4 years in prison on the firearm without a license charge,[7] and a 5-year probationary tail for the firearm possession conviction. On the second docket number, Little was sentenced to 1-2 years' imprisonment for the firearm without a license charge to run consecutively to the sentence on the first docket, a concurrent two-year probationary term for resisting arrest, and a two-year probationary tail for escape.[8] The court imposed mandatory minimum sentences on Little's robbery and criminal conspiracy convictions. *See* 42 Pa.C.S. § 9712 (mandatory sentencing for certain drug offenses when weapon present).

On June 27, 2013, Little filed an unsuccessful post-sentence motion. On August 5, 2013, the trial court amended its sentencing order,[9] making

_(Footnote Continued)_ _____

[5] 18 Pa.C.S. § 5104.

[6] 18 Pa.C.S. § 5121.

[7] Little's firearm without a license sentence was ordered to run consecutive to the robbery sentence on the first docket number.

[8] Little's firearm's sentence on the second docket number was ordered to run consecutively to the robbery sentence on the first docket number.

[9] The new sentence amended Little's resisting arrest charge on the second docket number to 1-2 years' imprisonment, to run consecutively to his sentence on the first docket number. It also imposed two years of supervision for each of Little's sentences for firearm and escape on the second docket number, which were ordered to run concurrently to one another.

Little's aggregate sentence 8-16 years in state prison, to be followed by 5 years of supervision.

On November 14, 2014, Little filed a *pro se* PCRA petition; the court appointed PCRA counsel who filed an amended petition on his behalf alleging that although Little's petition was untimely filed and he did not meet the 60-day time limit within which to invoke an exception to the PCRA time bar,[10] he raised a non-waivable legality of sentence claim and was entitled to be resentenced accordingly. On March 17, 2015, the court issued its Pa.R.Crim.P. 907 notice of intent to dismiss Little's untimely petition, and, on April 13, 2015, dismissed Little's petition without an evidentiary hearing.

On June 1, 2015, PCRA counsel filed a second PCRA petition alleging her own ineffectiveness for failing to file a timely requested appeal from the denial of Little's first PCRA petition and seeking restoration of Little's appellate rights *nunc pro tunc*. **See Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999) (restoration of appeal rights exclusive remedy when counsel fails to perfect appeal). On June 3, 2015, the trial court reinstated Little's appellate rights *nunc pro tunc*.[11] This appeal follows.

_____

[10] Here, **Alleyne v. United States**, 133 S.Ct. 2151 (2013), was filed on June 17, 2013, and Little's *pro se* petition was filed almost 17 months later.

[11] Although the order states that Little's "appellate rights are reinstated *nunc pro tunc*," it is clear that the parties and the court intended it to apply to his collateral appeal rights, not his direct appeal rights as counsel acknowledged that Little asked her to file an appeal from the dismissal of his PCRA petition and that she failed to do so. **See** PCRA Petition, 6/1/15, at ¶10-11.

On appeal, Little presents the following issues for our consideration:

(1)    Whether the case of **Alleyne v. United States**, 133 S.Ct. 2151, 186 L.Ed 2d 314 (2013) can be applied retroactively?

(2)    Whether the appellant is serving an illegal sentence?

The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012).

Before we address the merits of Little's claims on appeal, we must determine whether his PCRA was timely filed. Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. **See** 42 Pa.C.S. § 9545(b)(3); **see also Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement, set forth at 42 Pa.C.S. § 9545(b). Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. **Id.** These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(ii)-(iii). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented."

*Id.* at (b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Instantly, Little filed his PCRA petition on November 14, 2014. Little's judgment of sentence became final for purposes of the PCRA on September 5, 2013, after the time expired for him to file a direct appeal from his amended sentence. Accordingly, Little's petition is facially untimely. However, we must determine whether Little has pled and proven an exception to the PCRA time bar.

Instantly, Little does not allege any section 9545(b)(1) exception. Rather, his illegal sentence claim is predicated upon the holding of the United States Supreme Court decision in *Alleyne v United States*. In *Alleyne*, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2163. A challenge to a sentence premised upon *Alleyne* implicates the legality of the sentence. *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (en banc). Moreover, while legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. *See* 42 Pa.C.S. § 9543(a)(2)(vii).

Despite the fact that section 9712.1 has been declared unconstitutional,[12] Little is not entitled to relief in his untimely PCRA petition. In **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014), the defendant also filed an untimely PCRA petition raising the claim that his mandatory minimum sentence was illegal. To overcome the untimeliness of his petition, the defendant unsuccessfully argued that **Alleyne** announced a new constitutional right under the PCRA that applies retroactively. Additionally, the Court found meritless the defendant's allegation that his illegal sentence claim was not waivable on appeal where "in order for th[e] Court to review a legality of sentence claim, there must be a basis for [its] jurisdiction." **Id.** at 995. Finally, the Court held that **Alleyne** is not to be applied retroactively to cases in which the judgment of sentence had become final. **Id.**

Similar to the defendant in **Miller**, Little raises a legality of sentence claim predicated on the holding of **Alleyne** and an unconstitutional

---

[12] In **Newman**, **supra**, our Court relied on the dictates of **Alleyne** and found that the improper sentencing practice under section 9712.1 was not severable, and, therefore, that the statute is unconstitutional. In **Newman**, the defendant had been convicted of various drug offenses and was sentenced pursuant to the mandatory minimum; defendant's judgment of sentence was affirmed on appeal. Five days later the **Alleyne** decision was rendered. On en banc reargument, our Court found that **Alleyne** applied retroactively to cases *still pending on direct appeal* when **Alleyne** was handed down. Moreover, our Court found that defendant had not waived his challenge to his mandatory minimum sentence where the claim implicated the legality of his sentence.

mandatory minimum statute. Because Little's petition is facially untimely, because he does not allege and prove an exception to the timeliness requirements of the PCRA, and because *Alleyne* does not apply retroactively to cases on collateral review, *Miller*, *supra*,[13] he is not entitled to relief. Therefore, the trial court properly concluded that Little's PCRA petition should be dismissed. *Johnston*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2016

---

[13] Although *Alleyne* was decided prior to Little's judgment of sentence becoming final, he is not entitled to relief because his case *is not still pending on direct review* and, most importantly, his petition was untimely filed, thus divesting the trial court of jurisdiction. *Newman*, *supra*; *Miller*, *supra*.