J-S06011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RYAN MICHAEL CARTER | |
| Appellant | No. 499 MDA 2015 |

Appeal from the PCRA Order February 23, 2015
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000652-2009

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RYAN MICHAEL CARTER | |
| Appellant | No. 500 MDA 2015 |

Appeal from the PCRA Order February 23, 2015
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000653-2009

BEFORE: PANELLA, J., MUNDY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 21, 2016**

Appellant, Ryan Michael Carter, appeals from the order denying him

relief on his petition pursuant to the Post Conviction Relief Act ("PCRA").

_____

[*] Former Justice specially assigned to the Superior Court.

Carter argues that the PCRA court erred in denying him relief without a hearing. After careful review, we affirm.

A panel of this Court summarized the factual and procedural history behind Carter's convictions as follows.

In 2009, [Carter] was charged with over 80 counts stemming from accusations he molested his nieces. The charges accused 21-year-old Appellant of molesting 11-year-old H.C.; eight-year-old D.C.; and three-year-old A.C. As way of background, S.M. and R.C. are the biological parents of H.C. C.C. and R.C. are the biological parents of D.C. and A.C. S.M. and R.C. divorced in 1988, and C.C. and R.C. separated in 2008.

At [Carter's] trial, S.M. testified that on a Sunday in August 2009, her 11-year-old daughter, H.C., approached her, complaining of a sore between her legs. S.M. took her daughter into the bathroom where she discovered an infected gash that looked "like somebody had gouged a chunk of flesh out[.]" H.C. eventually told to S.M. that when she was staying with her father, [Carter], her uncle, touched her while she was sleeping. S.M. took H.C. to the emergency room where H.C. was prescribed antibiotics and painkillers. H.C. immediately met with the state police.

After learning from S.M. that [Carter] had molested H.C., C.C. confronted D.C. and A.C. Specifically, C.C. asked D.C. if she knew the difference between a good touch and a bad touch. D.C. said she did and eventually revealed that [Carter] had touched her as well. The following morning C.C. took D.C. to the emergency room, and then to the state police.

[Carter] was subsequently charged, and a preliminary hearing was held on October 29, 2009. [The case proceeded to a single trial concerning the charges alleging the victimization of H.C. and D.C. The Commonwealth dropped all charges relating to A.C. prior to trial.]

On May 25, 2010, a two-day trial commenced. On May 26, 2010, the jury found Carter guilty of [two counts each of criminal attempt to commit involuntary sexual intercourse with a child, involuntary deviate sexual intercourse with a child, statutory

sexual assault, and indecent assault of a child less than thirteen years of age.] On September 13, 2010 [Carter] was sentenced to 21 to 44 years' imprisonment.

*Commonwealth v. Carter*, Nos. 205 & 206 MDA 2011, at 2-4 (filed 2/23/12) (unpublished memo) (citations and footnotes omitted).

This court affirmed, and on July 31, 2012, the Supreme Court of Pennsylvania denied Carter's petition for allowance of appeal. *See Commonwealth v. Carter*, 49 A.3d 441 (Pa. 2012) (Table). Carter did not appeal to the Supreme Court of the United States.

Carter filed a timely *pro se* PCRA petition on October 30, 2013.[1] The PCRA court appointed counsel to represent Carter, and amended PCRA petitions were filed on June 4, 2014 and September 22, 2014. The PCRA court subsequently dismissed the petition without a hearing, and this timely appeal followed.

Carter raises two issues for our review on appeal. First, he asserts that the PCRA Court erred in concluding that he had failed to establish that trial counsel had been ineffective by failing to call certain witnesses in support of

---

[1] Carter's petition was timely as his judgment of sentence became final when, after it was affirmed by this Court and our Supreme Court denied his petition for allowance of appeal, the ninety-day time period within which Carter could seek a direct appeal to the United States Supreme Court expired. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa. Super. 2000); *Commonwealth v. Alcorn*, 703 A.2d 1054, 1056 (Pa. Super. 1997); *see also* U.S.Sup.Ct.R. 13 (stating that a petition for writ of *certiorari* must be filed within 90 days of final judgment). Thus, Carter had until October 31, 2013 to file his first PCRA petition.

Carter's alibi defense. Second, he contends that the PCRA court erred in concluding that evidence of one of the victim's recantation of her testimony did not entitle him to relief. We address these claims in sequence.

In his first argument, Carter asserts that trial counsel was ineffective by failing to call certain disinterested witnesses in support of his alibi defense. In reviewing an allegation of ineffective assistance of counsel, we begin with the assumption that counsel was effective. *See Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*) (citation omitted). If the petitioner "fails to plead or meet any elements of the above-cited test, his claim must fail." *Id*. (citation omitted).

> [I]n the particular context of the alleged failure to call witnesses, counsel will not be deemed ineffective unless the PCRA petitioner demonstrates: (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

*Commonwealth v. Miner*, 44 A.3d 684, 687 (Pa. Super. 2012) (citation omitted).

The right to an evidentiary hearing on a post-conviction petition is not absolute. *See Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. *Id*. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. *Commonwealth v. Hardcastle*, 701 A.2d 541, 542-543 (Pa. 1997). In "ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." *Commonwealth v. Bauhammers*, 92 A.3d 708, 726-727 (Pa. 2014) (citation omitted). "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (citations and internal quotation marks omitted).

We conclude that the PCRA court did not abuse its discretion in dismissing this claim without a hearing. We do not necessarily agree with the trial court's characterization of the proposed testimony as merely

cumulative, as the allegedly disinterested alibi witnesses identified by Carter may be qualitatively different from the alibi witnesses, namely his mother, sister and brother, that he actually presented at trial. However, we cannot otherwise find an abuse of discretion in the PCRA court's determination that this testimony did not undermine its confidence in the outcome. As is common in cases involving children, the victims were unable to specify the exact dates when the assaults occurred. The proposed alibi testimony, if believed, would have covered a portion of the time period when the assaults may have occurred. However, even if believed, this alibi would not necessarily negate the timelines presented by the victims. We therefore conclude that Carter's first issue on appeal merits no relief.

In his second issue, Carter argues that the PCRA court erred in denying him relief on his claim of after-discovered evidence. In particular, Carter claims that he can present a witness who will testify that D.C. recanted her trial testimony while speaking to a friend.

> To obtain relief based upon newly-discovered evidence under the PCRA, a petitioner must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. D'Amato*, 856 A.2d 806, 823 (Pa. 2004) (citation omitted). The PCRA court held that this evidence would solely be used to impeach credibility, and therefore could not entitle Carter to relief. We agree.

Carter argues that this is "not merely an inconsistent statement, it negates evidence of the defendant's guilt[.]" Appellant's Brief, at 12. However, as the proposed testimony of someone other than D.C., this testimony would not be independent evidence of Carter's innocence, but rather merely evidence that assailed the credibility of D.C.'s version of events. Thus, it is merely evidence that would be used to impeach, and cannot form the basis of the relief Carter seeks. We therefore conclude that Carter is due no relief on this claim.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016