J-S47044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALFRED ALBERT RINALDI | |
| Appellant | No. 2080 MDA 2015 |

Appeal from the PCRA Order November 10, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0001054-2001

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                      **FILED JUNE 21, 2016**

Alfred Albert Rinaldi appeals, *pro se*, from the trial court's order dismissing his petition,[1] filed pursuant to the Post Conviction Relief Act (PCRA).[2]  We affirm.

In September 2003, Rinaldi entered a guilty plea to third-degree murder (F-1) and robbery (F-1).[3]  On September 25, 2003, Rinaldi was sentenced, in accordance with a plea agreement, to 20-40 years in prison for the murder charge and 10-20 years' imprisonment for robbery, for an

_____

[1] On appeal from the denial of PCRA relief, we must determine whether the PCRA court's findings are supported by the record and whether the order is otherwise free of legal error.  ***Commonwealth v. Blackwell***, 647 A.2d 915, 920 (Pa. Super. 1994).

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. § 2502(c); 18 Pa.C.S. § 3701(a)(1)(i).

aggregate sentence of 30-60 years' imprisonment. No direct appeal was filed. On August 7, 2004, Rinaldi filed a *pro se* PCRA petition. PCRA counsel was appointed and he filed an amended petition on Rinaldi's behalf. However, on September 13, 2005, Rinaldi appeared before the court to voluntarily withdraw his PCRA petition. After holding a colloquy to determine whether his withdrawal request was being made voluntarily and after consultation with appointed counsel, the court permitted withdrawal and dismissed the amended petition. On October 8, 2015, Rinaldi filed the instant PCRA petition *pro se* in which he claims, in relevant part, that:

> [H]is mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 1103 is unconstitutional in light of the Supreme Court of Pennsylvania's decision in **Commonwealth v. Hopkins**, [117 A.3d 247 (Pa. 2015)].
>
> The instant petition is filed within sixty (60) days of learning of the decision in **Hopkins** at S.C.I. Rockview Law Library on 09-27-LEXUSNEXUS, 2015, pursuant to the filing restraints of Newly Discovered Evidence outlined in **Commonwealth v. Medina**, 92 A.3d 1210 (2014)[.]
>
> Petitioner now contends that his sentence is now unconstitutional, illegal, and lacks statutory authorization due to the fact that "an unconstitutional statute is ineffective for any purpose [as] it's [sic] unconstitutionality dates from the time of its enactment and not merely the date of the decision holding it so."

*Pro Se* PCRA Petition, 10/8/15, at ¶¶ 3-5. On November 10, 2015, the trial court dismissed Rinaldi's petition, without a hearing, deeming it facially untimely and one that did not meet an exception to the timeliness requirements of the PCRA. This appeal follows.

On appeal, Rinaldi raises the following issue for our consideration: As applied, is 42 Pa.C.S.A. § 9543 unconstitutional?

Before we address the merits of Rinaldi's claim on appeal, we must determine whether his petition was timely filed. Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. *See* 42 Pa.C.S. § 9545(b)(3); *see also Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement, set forth at 42 Pa.C.S. § 9545(b). Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. *Id.* These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Id.* at (b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Instantly, Rinaldi filed his PCRA petition on October 8, 2015. Rinaldi's judgment of sentence became final, for purposes of the PCRA, on October 25, 2003, after the time expired for him to file a direct appeal. Therefore, in order to be timely under the PCRA, Rinaldi would have had to have filed his petition by October 25, 2004. Accordingly, Rinaldi's petition is facially

untimely. However, we must determine whether Rinaldi has pled and proven an exception to the PCRA time bar.

In his petition, Rinaldi claims that he filed his petition within 60 days of learning about the **Hopkins** decision. Moreover, he alludes to the fact that this knowledge constitutes "Newly Discovered Evidence." In **Hopkins**, our Supreme Court declared a mandatory minimum statute, 18 Pa.C.S. § 6317,[4] unconstitutional in light of principles announced in **Alleyne v. United States**, 133 S. Ct. 2151 (2013). In **Alleyne**, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. **Id.** at 2163. A challenge to a sentence premised upon **Alleyne** implicates the legality of the sentence. **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (en banc). While legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. **See** 42 Pa.C.S. § 9543(a)(2)(vii).

We conclude that Rinaldi is not entitled to relief. First, our courts have consistently held that a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the newly-discovered fact exception under the PCRA. **Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980, 986 (Pa. 2011)). Additionally, in **Commonwealth v. Miller**, 102 A.3d 988 (Pa.

---

[4] Section 6317 concerns drug-free school zones. That statute, in no way, applies to Rowe's criminal case.

Super. 2014), the defendant also filed an untimely PCRA petition raising the claim that his mandatory minimum sentence was illegal. The Court reiterated that "in order for th[e] Court to review a legality of sentence claim, there must be a basis for [its] jurisdiction." *Id.* at 995. In affirming the denial of PCRA relief, the *Miller* Court held that *Alleyne* is not to be applied retroactively to cases in which the judgment of sentence had become final. *Id.*

Because Rinaldi's petition is facially untimely, because he does not allege and prove an exception to the timeliness requirements of the PCRA, and because *Alleyne* does not apply retroactively to cases on collateral review, *Miller*, *supra*, he is not entitled to relief.

Even if we were to address Rinaldi's petition on its merits, it would fail. Rinaldi claims that he was sentenced under section 1103 of the Crimes Code which is an unconstitutional mandatory minimum statute. He is mistaken. Rinaldi was convicted of third-degree murder. Under the Crimes Code, "[a] person who has been convicted of murder of the third degree . . . shall be sentenced to a term which shall be fixed by the court at not more than 40 years." *See* 18 Pa.C.S. § 1102(d). Despite his collateral claims, Rinaldi was sentenced under section 110**2**, not section 1103. Section 1102 is the *statutory maximum* to which a person convicted of third-degree murder, like Rinaldi, may be sentenced. It is not a *mandatory minimum* sentence. Accordingly, Rinaldi was not sentenced to a mandatory minimum sentence, and, as a result, no *Alleyne* concerns are implicated. *See* Rinaldi

Guilty/Nolo Contendere Plea Colloquy, 9/26/03, at 1 (indicating no mandatory minimum penalty imposed on either murder or robbery offenses); **see also** SCI Commitment Forms, 10/15/03 (same); Sentencing Guideline Forms, 10/17/03, (same).[5]

Having found that the trial court properly dismissed Rinaldi's petition, **Blackwell**, **supra**, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/21/2016

_____

[5] Although Rinaldi claims in his statement of questions presented that section 9543 of the PCRA is illegal, he never raises this issue in his PCRA petition or argues it in his appellate brief. Therefore it is waived. In any event, because Rinaldi was not sentenced pursuant to a mandatory minimum statute, he has no basis to challenge section 9543 on **Alleyne** principles.