J-S37043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID WAYNE NEGICH | |
| Appellant | No. 1995 WDA 2015 |

Appeal from the PCRA Order November 17, 2015
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0000473-2008

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED JULY 14, 2016**

David Wayne Negich appeals from the order, entered in the Court of Common Pleas of Westmoreland County, denying his Post Conviction Relief Act (PCRA) petition, following a hearing.[1]  Because Negich's petition is untimely and does not meet an exception to the PCRA time requirement, we affirm.

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement.  **See** 42 Pa.C.S.A. § 9545(b)(1)(i),(ii), and (iii).  Where the

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Id*; *see also* 42 Pa.C.S.A. § 9545(b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

For purposes of the PCRA, Negich's judgment of sentence became final on May 3, 2013, when the time expired for him to file a direct appeal from his parole revocation sentence. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, he had until May 3, 2014, to file a timely PCRA petition. *Id.* at § 9545(b)(1). Instantly, Negich did not file his petition until February 12, 2015;[2] therefore, it is untimely. Moreover, Negich does not invoke a section 9545(b)(1) exception to overcome the untimely filing of his petition.

_____

[2] While Negich filed a motion titled, "*Pro Se* PCRA/Sentence Reconsideration" on March 27, 2014, the court properly treated it as a motion to modify sentence, and not a PCRA petition, wherein it alleged that his parole sentence should be reduced.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 956 A.2d 978 (Pa. 2008). "Jurisdictional time limits go to a court's right or competency to adjudicate a controversy." *Id.* at 983.[3] Accordingly, the PCRA court properly dismissed Negich's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2016

---

[3] Although neither party has raised the issue of timeliness, an untimely petition renders this Court without jurisdiction to afford relief. *Commonwealth v. Gandy*, 38 A.3d 899 (Pa. Super. 2012). Even where the PCRA court does not address the applicability of the PCRA timing mandate, as is the case here, this Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction. *Commonwealth v. Pursell*, 749 A.2d 911, 913-14 (Pa. 2000); *Commonwealth v. Fahy*, 737 A.2d 214, 217 (Pa. 1999); *Commonwealth v. Yarris*, 731 A.2d 581, 587 (Pa. 1999).