J-S61024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN DANTZLER | |
| Appellant | No. 1961 WDA 2015 |

Appeal from the PCRA Order October 30, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006538-1990 CP-02-CR-0006540-1990 CP-02-CR-0014485-1990 CP-02-CR-0016210-1990

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 10, 2016**

John Dantzler appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  After careful review, we affirm.

On December 20, 1990, Dantzler entered a guilty plea to various drug offenses.  On May 15, 1991, the court sentenced Dantzler to an aggregate term of 16 to 32 years' incarceration.  A mandatory 3-year minimum

---

[1] The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  ***Commonwealth v. Johnston***, 42 A.3d 1120, 1126 (Pa. Super. 2012).

sentence pursuant to 18 Pa.C.S. § 7508 (drug trafficking sentencing/penalties) was applied to his sentence. Dantzler filed a motion to withdraw his guilty plea averring that the plea was not knowing, voluntary or intelligent. After an evidentiary hearing, the court denied his motion.

Dantzler filed a timely direct appeal; our Court affirmed his judgment of sentence on March 6, 1992. Dantzler filed a petition for allowance of appeal to our Supreme Court that was denied on December 8, 1992. Dantzler filed his first PCRA petition on May 25, 1994. On March 2, 1995, the court dismissed Dantzler's petition. On January 16, 1997, Dantzler filed his second PCRA petition which the court dismissed on April 9, 1997, for failure to state a claim upon which relief could be granted. Dantzler filed his third PCRA petition on April 16, 2015, alleging that he is eligible for relief due to a constitutional violation "that so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." PCRA Petition, 4/16/15, at ¶ 4(I). Specifically, Dantzler alleged that his sentence is illegal as a result of the court's application of an unconstitutional mandatory minimum statute. On October 30, 2015, the court dismissed Dantzler's petition. This timely appeal followed.

On appeal, Dantzler presents the following issue for our review: As the Pennsylvania Superior and Supreme Courts have found section 9712[2] to

_____

[2] **See** 42 Pa.C.S. § 9712 (sentences for offenses committed with firearms). Although Dantzler cites section 9712 in his appellate brief, he was actually
*(Footnote Continued Next Page)*

be facially unconstitutional in its entirety, is the Appellant entitled to relief from his illegal sentence as the statute has been unconstitutional from the date of its passage and ineffective for any purpose?  Appellant's Brief, at 7.

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final.  *See* 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997).  Instantly, Dantzler's judgment of sentence became final, for purposes of the PCRA, on March 8, 1993, when the time expired for him to file a petition for writ of certiorari with the United States Supreme Court.  *See* Sup. Ct. R. 13.  Thus, in order for Dantzler's petition to be considered timely filed, it must have been filed by March 8, 2004.  Dantzler, however, did not file his third petition until April 16, 2015 – more than eleven years late under the PCRA.  *See* 42 Pa.C.S.A. § 9545 (b)(3).  Therefore, Dantzler's petition is facially untimely.

However, when a petition alleges, and a petitioner proves that an exception to the time for filing the petition is met, the petition will be considered timely.  These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right.  ***See Commonwealth v.***

*(Footnote Continued)* ───────────────────

sentenced under section 7508's mandatory minimum statute, which is cited in his Pa.R.A.P. 1925(b) statement of error complained of on appeal as well as argued throughout his brief and amended petition.

*Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Id*; *see also* 42 Pa.C.S.A. § 9545(b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Dantzler does not allege or prove any section 9545(b)(1) exception to the PCRA time bar. Rather he alleges his sentence is illegal based on the holding of *Alleyne v. United States*, 133 S. Ct. 2151 (2013),[3] and the application of an unconstitutional mandatory minimum statute, section 7508(a)(3)(ii). Dantzler is correct that the mandatory minimum statute under which he was sentenced has been held unconstitutional. *See Commonwealth v. Fennell*, 105 A.3d 13 (Pa. Super. 2014). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. *See Commonwealth v. Borovichka*, 2011 PA Super 88, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction[.]") (citation omitted)). As this Court recently noted, "[t]hough not technically waivable, a legality [of

_____

[3] In *Alleyne*, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. *Id.* 133 S. Ct. at 2163.

sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." **Commonwealth v. Seskey**, 86 A.3d 237, 242 (Pa. Super. 2014).[4]

Thus, the trial court did not err in dismissing Dantzler's untimely PCRA petition. **Johnston**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2016

---

[4] We also note that **Alleyne** does not invalidate an unconstitutional mandatory minimum sentence when presented in an untimely PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014).