J-S75044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM E. NEAL, | : | |
| | : | |
| Appellant | : | No. 937 EDA 2016 |

Appeal from the PCRA Order February 29, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0929151-1993

BEFORE:  BOWES, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:              **FILED DECEMBER 29, 2016**

William E. Neal ("Neal"), *pro se*, appeals from the Order denying his fifth Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

After a bench trial, Neal was found guilty of second-degree murder, robbery and possession of an instrument of crime.  **See** 18 Pa.C.S.A. §§ 2502(b), 3701, 907.  In its Opinion, the PCRA court set forth the relevant procedural history following Neal's conviction, which we adopt for the purpose of this appeal.  PCRA Court Opinion, 2/29/16, at 1-2.  The PCRA court denied the instant Petition, Neal's fifth, as untimely filed.  **Id.** at 2.

On appeal, Neal claims that the PCRA's timeliness requirement does not apply, as he has filed a Petition for *habeas corpus* relief.  Brief for Appellant at 4.  Neal claims that his sentence is illegal and unconstitutional,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

and that all prior counsel were ineffective for not raising the claim. *Id.* Neal also challenges the "discretionary aspects of [his] sentence," and raises several constitutional challenges to sections of the Crimes Code. *Id.* at 5. Neal does not allege any exceptions to the PCRA's timeliness requirement.

In its Opinion, the PCRA court concluded that, because Neal failed to assert an exception to the PCRA's timeliness requirement, the court was without jurisdiction to rule on his Petition. PCRA Court Opinion 2/29/15, at 2-6. We agree with the sound reasoning of the PCRA court, as set forth in its Opinion, and affirm on this basis. *See id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2016

- 2 -

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA :
:
:
:
v. :
:
WILLIAM NEAL : CP-51-CR-929151-1993

MEMORANDUM OPINION

MINEHART, J

The Post Conviction Relief Act Petition filed on March 12, 2012, is to be dismissed for

the reasons set forth below.[1]

## I. PROCEDURAL HISTORY

On July 29, 1994, after a bench trial presided over by the Honorable James A.

Lineberger, Petitioner was found guilty of second degree murder, robbery, and possessing an

instrument of crime. He was sentenced to a term of life imprisonment for the second degree

murder conviction plus a sentence of six to twelve months for possessing an instrument of crime.

On direct appeal, the Superior Court affirmed the judgment of sentence in part and remanded for

a determination as to whether trial counsel had provided effective assistance of counsel. See

*Commonwealth v. Neal,* 688 A.2d 1229 (Pa. Super. 1996). On remand, the trial court determined

that Petitioner was not entitled to relief. The Superior Court affirmed, and the Supreme Court

denied allowance of appeal on November 6, 1998. See *Commonwealth v. Neal,* 724 A.2d 958

(Pa. Super. 1998), *appeal denied,* 732 A.2d 614 (Pa. 1998).

On July 28, 1999, Petitioner filed his first petition for post conviction relief. Counsel was

---

[1] This Order and Opinion was issued more than twenty days after Petitioner was served with notice of the forthcoming dismissal of his Post Conviction Relief Act petition. Pa.R.Crim.P. 907.

1

appointed. Counsel filed an amended petition on July 12, 2001. Judge Lineberger dismissed Petitioner's first petition and permitted counsel to withdraw from the case on January 17, 2002. Petitioner appealed and on November 12, 2003, the Superior Court affirmed the dismissal of the petition. See *Commonwealth v. Neal*, 841 A.2d 576 (Pa. Super. 2003), *appeal denied,* 847 A.2d 1282 (Pa. 2004). *Allocatur* was not sought.

Now Petitioner files the instant petition, his fifth. Again, after conducting an exhaustive review of the record and applicable case law, it is the determination that Petitioner's petition for post conviction collateral relief is untimely filed. Therefore, there is no jurisdiction to consider the merits of Petitioner's petition.

## II. DISCUSSION

On March 12, 2012,[2] Petitioner filed a Petition for Writ of Habeas Corpus and insists that the one-year time limitation of the Post Conviction Relief Act should not apply to his most recent request for post-conviction collateral relief because he filed a writ of habeas corpus and not a PCRA petition. The Post Conviction Relief Act states in 42 Pa.C.S.A. § 9542 that it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including habeas corpus and coram nobis." Nevertheless, a writ of habeas corpus remains viable as a means to obtain post-conviction collateral relief if the claim raised therein is not cognizable under the PCRA. See *Commonwealth v. Judge*, 916 A.2d 511, 518–21 (Pa. 2007) (holding that because PCRA did not provide remedy under the PCRA, a claim regarding extradition raised in a habeas petition was cognizable).

---

[2]Pursuant to *Commonwealth v. Lark*, 560 Pa. 487, 493, 746 A.2d 585, 588 (2000), when a PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. The docket reveals that when Petitioner filed his March 12, 2012, petition, the appeal of his fourth PCRA petition was pending. However, since the petition did not reach initial review status until after the Supreme Court had filed their decision affirming the dismissal of his fourth PCRA petition, this petition was accepted as a filing and will be reviewed as his fifth petition for post trial relief.

2

Instantly, Petitioner claims he is serving an illegal sentence due to ineffective assistance of counsel. Specifically, Petitioner states that prior counsel should have raised a claim challenging the sentence due to lack of statutory authorization. Claims arguing the ineffective assistance of counsel are cognizable under the PCRA pursuant to 42 Pa.C.S.A. § 9543(a)(2)(ii), and claims arguing that the sentence is above the lawful maximum are cognizable pursuant to 42 Pa.C.S.A. § 9543(a)(2)(vii). As these claims can be raised under the PCRA, Petitioner's filing will be considered a petition for relief pursuant to the PCRA.

After a conviction becomes final, a petitioner has one year to file a post conviction petition. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). Petitioner's conviction became final on February 6, 1999, upon the expiration of the 90-day period in which he could have requested *allocator* in the United States Supreme Court. Therefore, on its face, Petitioner's March 12, 2012 petition is clearly untimely unless it properly invokes one of the enumerated exceptions to the one-year limitation.[3] The three exceptions to the one-year limitation as enumerated in 42 Pa.C.S.A. §9545 (b)(1)(i)-(iii) are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[3] Petitioner does not benefit from the grace period provided for petitioners whose judgment of sentence became final prior to the effective date of the 1995 amendments to the PCRA. The grace period only applies to first PCRA petitions that were filed by January 16, 1997. See *Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997).

3

The PCRA's time limit is mandatory and jurisdictional. *Commonwealth v. Beasley*, 741 A.2d 1258 (Pa. 1999). Thus, a court has no jurisdiction to consider the merits of the petition if it is untimely filed and the petitioner does not prove one of the three exceptions to the time limits of the PCRA. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000). Furthermore, allegations of ineffective assistance of counsel alone will not overcome the PCRA timeliness requirements. *Commonwealth v. Edmiston*, 65 A.3d 339 (Pa. 2013).

Petitioner argues that the sentencing court did not have the statutory authority to sentence him to life imprisonment, and that his counsel was ineffective for not raising this claim earlier. Additionally, Petitioner requests a hearing on his claims.[4] Despite Petitioner's insistence that he is entitled to relief, he has failed to place his claims under one of the timeliness exceptions. Thus, there is no jurisdiction to address the merits of his claim, which includes deciding whether an evidentiary hearing should be granted.[5]

Petitioner claims he is entitled to relief from his sentence based on the fact that the Department of Corrections does not possess a Sentencing Order containing statutory authorization for the continued detention of Petitioner and therefore, he is subject to an illegal sentence.[6] First, to determine whether his claim should be treated as a PCRA petition or a writ of habeas corpus, the Superior Court offers guidance in its decision in *Joseph v. Glunt*, 96 A.3d 365, 367 appeal denied, 101 A.3d 787 (Pa. 2014). In *Glunt,* the Superior Court held that a claim

---

[4] Petitioner requested a hearing in his filings of May 29, 2015, June 26, 2015, and October 15, 2015.

[5] Petitioner's amended petitions filed January 4, 2013, February 12, 2013, April 10, 2013, May 2, 2013, June 14, 2013, July 24, 2013, June 26, 2015 (Response to 907), and filing of September 8, 2015 raises an identical claim of an illegal sentence due to lack of statutory authority for a life sentence. Additionally, he raised this claim in his filings September 3, 2013, May 28, 2014, August 27, 2014, and December 29, 2014, but these filings also contained another claim of an illegal sentence due to the Department of Corrections not possessing the sentencing order, which will be addressed in the next section of the discussion.

[6] As stated in the prior footnote, Petitioner raised this claim in his amended filings of September 3, 2013, May 28, 2014, August 27, 2014, and December 29, 2014.

4

identical to the instant one was not cognizable under the PCRA and was properly raised in a writ of habeas corpus. Nonetheless, it is suggested that petitioner be denied relief because there is no merit to his claim. A review of the record confirms that petitioner was sentenced by Judge Lineberger to a life sentence on July 29, 1994. Thus, it does not matter whether the Department of Corrections possesses a copy of a written sentencing order for Petitioner. Moreover, Petitioner fails to prove how the missing documentation establishes that he is being held under an illegal sentence. The fact that there is no commitment form does not entitle him to any relief when the Department of Corrections had continuous authority to detain Petitioner. See *Joseph v. Glunt,* *supra* (holding that the fact that the Department of Corrections (DOC) did not possess sentencing order did not entitle appellant to habeas relief).

In his February 4, 2016 Amended PCRA Petition, Petitioner states he is entitled to relief pursuant to the United States Supreme Court's recent decision in *Montgomery v. Louisiana,* 577 U. S. ___ (2016), which is a case that affects the retroactivity of the Court's previous decision in *Miller v. Alabama,* 132 S. Ct. 2455 (2012). In *Miller v. Alabama,* 132 S. Ct. at 2460, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" However, *Miller* did not state whether this holding announced a constitutional right that applies retroactively as to constitute a timeliness exception to the PCRA pursuant to 42 Pa.C.S.A. §9545 (b)(1)(iii). In *Montgomery,* the United States Supreme Court clarified their earlier ruling and stated that *Miller* had announced a new substantive rule that, under the Constitution, is retroactive in cases on state collateral review.[7]

---

[7]In addition, on February 9, 2016, following *Montgomery,* the Pennsylvania Supreme Court issued a decision in *Commonwealth v. Secreti,* 578 WDA 2015 (Pa.Super., 2/9/16), which held that (1) *Miller* applied retroactively to Secreti's sentence under the PCRA's retroactivity provision, 42 Pa.C.S. § 9545(b)(1)(iii); (2) Secreti's sentence was unconstitutional under *Miller,* and (3) Secreti was entitled to a new sentencing hearing.

Petitioner is correct that *Montgomery* affords relief to juvenile defendants sentenced to a mandatory life sentence for a homicide offense. Petitioner is mistaken in asserting that he is entitled to relief. Even though Petitioner was convicted for a homicide, the record reveals, and Petitioner fully admits,[8] that he was twenty years old at the time of the offense, thus putting him outside the ambit of *Montgomery* and *Miller*. Therefore, Petitioner is not entitled to relief on this claim.

Lastly, in his February 4, 2016 amended filing, Petitioner raises multiple claims attacking the testimony of trial witnesses, asserting that the evidence was not sufficient to support the conviction for murder and robbery. Petitioner states these claims should be considered but fails to invoke any of the exceptions to the timeliness provision. Therefore, there is no jurisdiction to consider the merits of this claim.[9]

In summary, Petitioner's argument does not warrant any grant of relief. Therefore, the following Order is given:

---

[8] *Petitioner's Amended PCRA Petition*, 2/4/16, unnumbered p. 4.

[9] In addition, Petitioner raised these same claims in his last petition, namely his PCRA petition filed October 29, 2009. These claims were dismissed as untimely May 19, 2011, and the Superior Court affirmed the dismissal on October 27, 2011. Pursuant to pursuant to section 9543 of the PCRA, a petitioner is eligible for relief only if "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). Pursuant to section 9544 of the PCRA, "an issue has been previously litigated if . . . it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544(a)(3). Therefore, even if these claims had been timely, Petitioner is not eligible for relief on these claims.

6

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF
PENNSYLVANIA,

      v.

WILLIAM NEAL,   Defendant.

:
:
:
:
:
:
:
:
:
:

CP-51-CR-929151-1993

## ORDER

AND NOW, this 29th day of February, 2016, upon consideration of

Petitioner's Post Conviction Relief Act Petition, and all supplemental petitions, and Petitioner's

Response to the Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907, it is hereby **ORDERED**

and **DECREED** that Petitioner's Post Conviction Relief Act Petition, is **DISMISSED AS**

**UNTIMELY**, and Petitioner's Petition for Writ of Habeas Corpus is **DENIED**.

BY THE COURT:

_____
MINEHART, J.