**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael D. ALCORN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 14, 1997.
Filed Dec. 17, 1997.

cast was supplied to the program's producers by defendant's brother, Brian Mrozek (H.T., 1/3/97, pp. 70–75).

Michael D. Alcorn, appellant, pro se.

Megan L. King, Asst. Dist. Atty., Lancaster, for Com., appellee.

Before EAKIN, SCHILLER and OLSZEWSKI, JJ.

SCHILLER, Judge.

Appellant, Michael D. Alcorn, appeals from the order entered by the Court of Common Pleas of Lancaster County denying his petition for post-conviction relief. We affirm.

FACTS:

On September 14, 1989, following a jury trial, appellant was convicted of first degree murder[1] and sentenced to life imprisonment for the death of one Raymond Brown. After sentencing, new counsel was appointed and post-sentence motions were filed, which included allegations of trial counsel's ineffectiveness. Those motions were denied by the trial court on September 14, 1990. An appeal before this Court was dismissed on April 16, 1991, for failure of appellant to file an advocacy brief. Thereafter, on October 3, 1991, appellant filed his first petition for post-conviction relief pursuant to the Post Conviction Relief Act [PCRA], 42 Pa.C.S. § 9541 *et seq.*[2] This petition raised issues of counsel's ineffectiveness at trial, as well as the failure of post-sentence counsel to file an appellate brief to this Court. On December 16, 1992, after counsel was appointed and an evidentiary hearing held, the trial court denied the petition. That decision was affirmed by this Court on appeal. [*Commonwealth v. Alcorn*, 432 Pa.Super. 661, 633 A.2d 1219 (1993)].

On September 11, 1996, appellant filed his current PCRA petition, acting *pro se*. On February 14, 1997, the trial court dismissed

---

1. 18 Pa.C.S. § 2502(a).

2. Act of April 13, 1988, as amended, P.L. 336, No. 47, § 3.

the petition as meritless without appointing counsel or holding an evidentially hearing. This appeal followed.

DISCUSSION:

Appellant now raises four issues: (1) whether trial counsel was ineffective for failing to present evidence of his mental problems; (2) whether all previous counsel were ineffective for failing to allege trial counsel's ineffectiveness for failing to present evidence of appellant's mental problems; (3) whether the prosecutor committed misconduct in its closing argument; and (4) whether the PCRA court erred in dismissing appellant's petition without appointing counsel or holding an evidentiary hearing. We need not address any of appellant's issues because the PCRA court lacked jurisdiction to hear appellant's PCRA petition.

Appellant's present PCRA petition was filed on September 11, 1996. As such, it is governed by the most recent amendments to the Post Conviction Relief Act, enacted November 17, 1995 and effective 60 days thereafter.[3] Included within those recent statutory amendments were changes to the requirement of when a PCRA petition must be filed. The relevant statute, 42 Pa.C.S. § 9545(b), now provides:

**(b) Time for filing petition.-**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days from the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S. § 9545. Our research has indicated no prior decisions interpreting this section; therefore, its applicability to this case presents a question of first impression.

 At the outset, we note that appellant's PCRA petition is subject to this section, which applies to "[a]ny petition under this subchapter, including a **second or subsequent petition**." (emphasis added). Therefore, appellant's PCRA petition had to be filed within one year from the date his judgment of sentence became final, which would have been at the conclusion of direct review by this Court and the Supreme Court. 42 Pa.C.S. § 9545(b)(3). That direct review ended on April 11, 1991, when this Court dismissed appellant's appeal for failure to file a brief,[4] and appellant did not thereafter seek further review with the Pennsylvania Supreme Court or the United States Supreme Court. Appellant's current PCRA petition was not filed until September, 1996, clearly

---

**3.** Act of November 17, 1995, P.L. 1118 No. 32 (Spec.Sess. No. 1), § 1.

**4.** We note that in our decision on appellant's first PCRA petition we found that appellant's post-sentence counsel was not ineffective for failing to file an advocacy brief to this Court on the direct appeal because it was appellant's fault that the brief was not filed due to appellant's failure to return the trial transcripts to his attorney.

more than one year from the date direct review ended and his judgment of sentence became final. Nor does his petition come within the proviso in the amendments that a petition where the judgment of sentence became final before the effective date of the amendments shall be deemed timely if the petitioner's **first petition** was filed within one year of the effective date of the amendments. [*See* Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1) ]. Accordingly, if the current PCRA petition had been appellant's **first** under the Act, it would have been deemed timely as it was filed within one year of the effective date of the Act. However, the present petition is appellant's **second** under the PCRA. As such, it was required to be filed within one year of when his judgment of sentence became final, and because it was not so filed, appellant's PCRA petition was untimely, unless one of the exceptions in § 9545 applies.

A review of the exceptions provided in § 9545 for untimely PCRA petitions reveals that none are applicable in this case. Appellant's failure to file his PCRA petition within the required time period cannot be said to be the result of interference from government officials [§ 9545(b)(1)(i) ],[5] nor can it be said that appellant's claims in his PCRA petition involve constitutional rights recently recognized by the United States or Pennsylvania Supreme Courts that have been held to have retroactive application [§ 9545(b)(1)(iii) ]. Finally, appellant cannot show that the facts underlying the claims in his PCRA petition were unknown to him and could not have been ascertained by the exercise of due diligence [§ 9545(b)(1)(ii) ], because appellant's present claims of ineffectiveness of trial counsel, ineffectiveness of subsequent counsel, and prosecutorial misconduct were all known to appellant prior to the filing of this petition in September, 1996. Therefore, appellant's PCRA petition does not fall within any of the exceptions to the timeliness requirement of § 9545, and hence was untimely. Accordingly, the trial court was without jurisdiction to entertain the petition, and properly denied it.

We note that before the 1995 amendments to the PCRA, this Court and the Supreme Court had held that delay in filing a PCRA petition, standing alone, is not a sufficient reason to deny the petition, but that the delay may be considered as a factor in assessing the petition's merits. *Commonwealth v. Johnson*, 516 Pa. 407, 532 A.2d 796 (1987); *Commonwealth v. McCabe*, 359 Pa.Super. 566, 519 A.2d 497 (1986). It is clear from the enactment of the 1995 amendments that the General Assembly intended to change existing law by providing that delay **by itself** can result in the dismissal of a petitioner's PCRA petition. As a result, though this result may appear harsh to petitioners like appellant whose **second** PCRA petition will almost certainly be filed more than one year from the date when their judgment of sentence becomes final, that is the result compelled by the statute. Post conviction relief is afforded petitioners in Pennsylvania through the grace of the legislature,[6] and whether a statute is good or bad as a matter of policy is not for this Court to decide: "courts are concerned only with the power to enact statutes, not with their wisdom ... For the removal of unwise laws from the statute books appeal lies not to the courts but to the ballot and to the processes of democratic government." *United States v. Butler*, 297 U.S. 1, 78–79, 56 S.Ct. 312, 325, 80 L.Ed. 477 (1936) (Stone, J., dissenting). Therefore, appellant's PCRA petition was time barred under § 9545.

## CONCLUSION:

The trial court properly denied appellant's PCRA petition as it lacked jurisdiction to hear the petition because it was untimely under 42 Pa.C.S. § 9545.

---

5. Even if the failure to bring a timely petition was the result of some inaction by counsel, this subsection would not apply, as § 9545(b)(4) clearly indicates that defense counsel is not to be considered a "government official."

6. An accused has no constitutional right to **any** post conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Commonwealth v. Beasley*, 544 Pa. 554, 678 A.2d 773 (1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1257, 137 L.Ed.2d 337 (1997).

Consequently, the order entered by the Court of Common Pleas of Lancaster County is affirmed.

EAKIN, J., did not participate in the consideration or disposition of this case.