J-S59023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MAURICE BROWN | |
| Appellant | No. 3312 EDA 2013 |

Appeal from the PCRA Order November 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0404191-1999

BEFORE:  SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:               **FILED SEPTEMBER 09, 2014**

Maurice Brown appeals, *pro se*, from the order of the Court of Common Pleas of Philadelphia County dismissing as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

On February 22, 2000, Brown was convicted by a jury of attempted murder and related counts, stemming from an incident in which he shot the brother of the man charged with murdering his own brother.  Brown was sentenced to a term of twenty to forty years' imprisonment.  His judgment of sentence was affirmed by this Court on May 13, 2002.  ***Commonwealth v. Brown***, 804 A.2d 51 (Pa. Super. 2002) (unpublished memorandum

_____

[*] Retired Senior Judge assigned to the Superior Court.

decision). Our Supreme Court denied allowance of appeal on November 7, 2002. *Commonwealth v. Brown*, 813 A.2d 836 (Pa. 2002).

On June 3, 2003, Brown filed his first PCRA petition, which was dismissed after a hearing by order dated September 10, 2004. This Court affirmed, and the Supreme Court denied allowance of appeal. Brown filed a second PCRA petition on October 30, 2006, which was also dismissed. This Court affirmed and Brown did not seek allowance of appeal. Brown filed the instant petition, which he styled as a "Petition for Writ of Habeas Corpus Ad Subjiciendum," on July 25, 2013. The court dismissed the petition, which it treated as an untimely serial PCRA petition, by order dated November 13, 2013. This timely appeal followed, in which Brown claims that the PCRA court erred in dismissing his petition for writ of habeas corpus as an untimely PCRA petition.

This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. *See*

42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997). There are, however, three exceptions to the time requirement, set forth at section 9545(b)(1) of the PCRA. Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Here, Brown's judgment of sentence became final on February 5, 2003, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal, when the time for seeking discretionary review in the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. Rule 13. Thereafter, Brown had one year, or until February 5, 2004, in which to file a PCRA petition. Brown filed the instant petition on July 25, 2013, over ten years after his judgment of sentence became final.

As such, his petition is untimely unless he pleads and proves one of the exceptions to the time bar under section 9545(b).

Here, Brown has neither pled nor offered to prove any exception to the time bar. Rather, he argues that he is illegally restrained because "the [s]entencing [o]rder in his case was without statutory authorization[,] rendering his sentence vitiated." Brief of Appellant, at 11. Brown asserts that this claim is not cognizable under the PCRA. Because habeas corpus continues to exist[1] in cases where there is no remedy under the PCRA, Brown claims "his sole procedural recourse was to seek habeas corpus relief." *Id.* at 8. Accordingly, Brown argues his petition should not have been treated and dismissed as an untimely PCRA petition. He is incorrect.

Brown's claim that his sentence was not "statutorily authorized" plainly implicates the legality of his sentence. Such a claim is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(vii) (relief available under PCRA where petitioner pleads and proves imposition of sentence greater than the lawful maximum). Because Brown's claim is cognizable under the PCRA, the trial court properly treated his self-styled habeas corpus petition as an untimely PCRA petition. Brown did not plead or offer to prove any of the exceptions to the PCRA time bar; accordingly, he was properly denied relief.

_____

[1] The PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA. *Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa. 1998). However, the writ continues to exist in cases in which there is no remedy under the PCRA. *Id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/9/2014</u>