J-S09040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT IRBY, | |
| Appellant | No. 1558 WDA 2014 |

Appeal from the PCRA Order September 19, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR—0000013-1969

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, AND ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 07, 2016**

This matter is again before this panel upon remand from the Supreme Court.  We vacate the September 19, 2014 PCRA order, vacate Appellant's judgment of sentence, and remand for resentencing.

Appellant, who was seventeen years old at the time of the offense, was convicted by a jury of first-degree murder[1] and was sentenced on May 6, 1971, to a mandatory sentence of life imprisonment without parole. Appellant confessed that on September 22, 1969, he entered a store intending to commit an armed robbery and shot the victim when the victim

---

[1]  Due to deficiencies in the decades old record, it is not possible to determine if Appellant was convicted of additional offenses.

reached for his gun. On direct appeal, our Supreme Court affirmed. *Commonwealth v. Irby*, 284 A.2d 738 (Pa. 1971).

On August 6, 2012, within sixty days of the June 25, 2012 issuance of *Miller v. Alabama*, 132 S.Ct. 2455 (2012), Appellant filed his first PCRA petition claiming that his sentence was unconstitutional under that decision. In *Miller*, the United States Supreme Court held that it was a violation of the Eighth Amendment's prohibition against cruel and unusual punishment to sentence a juvenile homicide offender to a mandatory term of life imprisonment without parole. At that time, *Miller* did not address whether its decision would be fully retroactive.

The court appointed counsel for purposes of the PCRA petition, and counsel filed an amended petition. The August 6, 2012 PCRA petition was not timely filed within one year of when Appellant's judgment of sentence became final, as required by 42 Pa.C.S. § 9545(b)(1), which was enacted ineffective January 16, 1996. The petition also did not qualify under a grace *proviso* from § 9545(b)(1) wherein a petitioner whose judgment of sentence became final before § 9545(b)(1) was enacted could file a first-time PCRA petition by January 16, 1997. *See Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa.Super. 1997) (discussing exception in question).

Appellant maintained that his August 6, 2012 PCRA petition was timely under the third exception to the one-year time bar. That exception is set forth in 42 Pa.C.S. § 9545(b)(1)(iii), which states that a PCRA petition will

be considered timely if "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."[2]  After our Supreme Court filed *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), where the Court held that **Miller** was not retroactive to cases on collateral review, the PCRA court herein dismissed the PCRA petition.  On appeal, this panel affirmed. *Commonwealth v. Irby*, 2015 WL 7575793 (Pa.Super. 2015) (unpublished memorandum).

On January 25, 2016, the United States Supreme Court decided *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), which overruled *Cunningham* by holding that *Miller* was to be given retroactive effect.  By *per curiam* order, our Supreme Court granted Appellant's petition for allowance of appeal, vacated our order, and remanded the matter to this panel for further proceedings consistent with *Montgomery*.

Shortly after *Montgomery's* issuance, this Court disseminated a published opinion in *Commonwealth v. Secreti*, 2016 WL 513341 (Pa.Super. 2016).   Therein, Secreti was sentenced to automatic life

---

[2] The PCRA also provides: "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).  As noted, the petition at issue herein was filed within sixty days of the issuance of **Miller**.

imprisonment without the possibility of parole for committing first degree murder as a juvenile, and filed a PCRA petition seeking relief under *Miller*. Relief was denied, and Secreti was on appeal when *Montgomery* was decided. On February 9, 2016, following issuance of *Montgomery*, this Court in *Secreti* held that (1) *Miller* applied retroactively to Secreti's sentence under 42 Pa.C.S. § 9545(b)(1)(iii); (2) Secreti's sentence was unconstitutional under *Miller*; and (3) Secreti was entitled to a new sentencing hearing in accordance with the dictates of our Supreme Court's decision in *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013).

Based on *Secreti* and due to Appellant's express invocation of § 9545(b)(1)(iii) in the present PCRA petition, we vacate the order of the PCRA court, vacate the judgment of sentence, and remand for a new sentencing hearing.

Jurisdiction relinquished.

Judge Allen did not participate in the consideration or decision of this case.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

- 4 -

Date: 4/7/2016