J-S59006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BARRY JONES, | |
| Appellant | No. 3090 EDA 2015 |

Appeal from the PCRA Order Entered September 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0211883-1988

BEFORE:  BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 20, 2016**

Appellant, Barry Jones, appeals *pro se* from the post-conviction court's September 9, 2015 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court briefly summarized the procedural history of Appellant's case, as follows:

> On October 29, 1988, following a jury trial, [Appellant] was convicted of second-degree murder, robbery, and criminal conspiracy.  On March 22, 1989, [Appellant] was sentenced to life imprisonment.  On May 11, 1990, following a direct appeal, the Superior Court affirmed the judgment of sentence.[2] [Appellant] did not seek *allocatur* [with the Pennsylvania Supreme Court].

_____

[*] Former Justice specially assigned to the Superior Court.

[2] ***Commonwealth v. Jones***, 578 A.2d 38 (Pa. Super. 1990)[](unpublished memorandum).

[Appellant] filed his first *pro se* PCRA petition on January 23, 1996.[3] Attorney James Bruno, Esq. was appointed. The petition was subsequently denied on March 10, 2000, following an evidentiary hearing. The Superior Court dismissed the corresponding appeal on September 12, 2000, for failure to file a brief.

[3] The current version of the PCRA contains a provision permitting a defendant whose conviction became final prior to January 16, 1996, the date the current version of the PCRA took effect, to file a timely first PCRA petition within one year of that date. ***See Commonwealth v. Alcorn***, 703 A.2d 1054, 1056-57 (Pa. Super. 1997)[](holding that where a petitioner's judgment of sentence became final on or before the effective date of the amendment to the PCRA, the amended PCRA contained a provision whereby a first PCRA petition could be filed by January 16, 1997, even if the conviction in question became final more than a year prior to the date of the filing).

[Appellant's] second PCRA petition was filed on July 27, 2001. Counsel was appointed and an amended petition was filed seeking reinstatement of appellate rights [from the denial of Appellant's first petition]. The lower court subsequently dismissed the petition as untimely and the Superior Court affirmed on September 29, 2004.[4] A federal district court [also] dismissed [Appellant's] *habeas corpus* petition, and the United States Court of Appeals for the Third Circuit denied a certificate of appealability in 2009.

[4] ***Commonwealth v. Jones***, 864 A.2d 579 (Pa. Super. 2004)[](unpublished memorandum). Petition for reargument denied December 8, 2004.

[Appellant] filed his third PCRA petition on December 29, 2009. The lower court subsequently dismissed [Appellant's] PCRA Petition as untimely on April 24, 2013. The Superior Court affirmed the lower court's dismissal on April 9, 2014.[5]

[5] ***Commonwealth v. Jones***, 102 A.3d 526 (Pa. Super. 2014)[](unpublished memorandum).

[Appellant's] current PCRA petition, his fourth, was filed *pro se* on January 5, 2015. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served with notice of the court's intention to dismiss his PCRA petition on July 20, 2015. The lower court thereafter dismissed [Appellant's] petition as untimely on September 9, 2015. On October 7, 2015, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion (PCO), 11/9/15, at 1-2.

In his *pro se* appellate brief, Appellant presents six questions for our review. **See** Appellant's Brief at ix. Before we may address any of those claims, however, we must examine the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant attempts to invoke the 'new fact' exception of section 9545(b)(1)(ii). The 'new fact' Appellant asserts is that his first PCRA counsel, Attorney Bruno, has mental health issues which, according to Appellant, caused Attorney Bruno to ineffectively abandon him on appeal from the denial of initial PCRA petition. Appellant claims that he discovered the 'new fact' of Attorney Bruno's mental health issues when he read

> an article published in Pennsylvania Law Weekly on December 2, 2014[,] detailing attorney James Bruno's recent temporary suspension for violating Rules of Professional Conduct in unrelated cases. *See* PCRA petition, 1/5/15 at exhibit 1. The article also indicated that [Attorney] Bruno was diagnosed with attention-deficit hyperactive disorder and dysthymia in December [of] 2011. *Id.*

PCO at 4. Appellant claims that he could not have discovered Attorney Bruno's confidential medical diagnosis earlier, and that he filed his petition within 60 days of his discovery of this new information. Accordingly, he argues that he has satisfied the 'new fact' exception of section 9545(b)(1)(ii).

The PCRA court disagreed, stating as follows:

Unpacking [Appellant's] claim, although [Attorney] Bruno's ineffectiveness was apparent since the adjudication of his first PCRA petition, the exact reason why counsel underperformed remained a mystery. [Appellant] believes that the recent article provided this elusive explanation, thereby satisfying the PCRA time-bar.

Even assuming the accurate explanatory power of the psychological diagnosis, the proposed cause of counsel's dereliction did not revive [Appellant's] untimely PCRA petition. If section 9545(b)(1)(ii) countenanced explanations for malfeasance, counsel's poor sleeping habits, acrimonious client relationships, stress, or the innumerable other possible "causes" of inaction on a particular day could conceivably rescue an untimely PCRA petition. [Appellant's] speculative assessment of cause derived from the Pennsylvania Law Weekly article therefore failed to establish timeliness.

PCO at 4.

We are compelled to agree with the PCRA court's reasoning. Essentially, Appellant is attempting to trigger the jurisdiction of the PCRA court, and this Court, to review whether Attorney Bruno acted ineffectively in representing him during the litigation of his first PCRA petition. However, the 'new fact' on which he relies to invoke our jurisdiction was not necessary to proving Attorney Bruno's ineffectiveness. In other words, a petitioner alleging counsel's ineffectiveness is not required to prove the *cause* of counsel's misconduct; rather, "[a] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). In this case,

Appellant could have pled (and arguably proven) each of the three prongs of demonstrating Attorney Bruno's ineffectiveness *without* the information regarding counsel's mental disorders. Therefore, because Attorney Bruno's mental health diagnosis had no bearing on Appellant's ability to litigate the underlying issue of counsel's ineffectiveness, we must agree with the PCRA court that Attorney Bruno's diagnosis is not a 'new fact' that can satisfy the exception of section 9545(b)(1)(ii).

In any event, we note that Appellant has previously litigated the overarching issue of whether Attorney Bruno acted ineffectively by abandoning him on appeal from the denial of his first PCRA petition. Specifically, Appellant raised this claim in his second, untimely PCRA petition filed on July 27, 2001. The PCRA court dismissed that petition because Appellant had not made any attempt to plead or prove the applicability of a timeliness exception. **See** PCRA Court Opinion, 1/16/04, at 5-6. On appeal to this Court, Appellant again failed to make any attempt to plead or prove that a timeliness exception applied to his claim. **See Commonwealth v. Jones**, No. 1828 EDA 2003, unpublished memorandum at 1 (Pa. Super. filed October 12, 2004) (stating that Appellant wholly failed to "address [the] crucial problem" of the untimeliness of his petition, and he did not "assert the application of any of the enumerated exceptions to the PCRA's one-year filing requirement."). Consequently, this Court affirmed the denial of his petition asserting Attorney Bruno's ineffectiveness.

Based on this record, it is apparent that the underlying issue raised by Appellant was previously litigated. *See* 42 Pa.C.S. § 9544(a)(3) (stating that, under the PCRA, "an issue has been previously litigated if: … it has been raised and decided in a proceeding collaterally attacking the conviction or sentence"). Accordingly, even if Appellant's discovery of Attorney Bruno's mental disorders satisfied the 'new fact' exception of section 9545(b)(1)(ii), we would conclude that his underlying ineffectiveness claim does not entitle him to post-conviction relief. *See* 42 Pa.C.S. § 9543 (stating that to be eligible for PCRA relief, the petitioner must prove "[t]hat the allegation of error has not been previously litigated or waived").[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2016

---

[1] We do not address any of Appellant's remaining issues (most of which assert trial counsel's ineffectiveness or trial court errors), as he does not plead or prove the applicability of any timeliness exception to those claims.