J-S10015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID MORRIS, | |
| Appellant | No. 122 EDA 2016 |

Appeal from the PCRA Order Entered December 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0125621-1981

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED MARCH 28, 2017**

Appellant, David Morris, appeals *pro se* from the post-conviction court's December 15, 2015 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we vacate the court's order and remand for a hearing.

This Court previously summarized the facts of Appellant's case, as follows:

> On December 30, 1980, [A]ppellant and Kevin Davis spent a majority of the day together. According to Davis who testified for the Commonwealth, [A]ppellant was armed with a gun. In the early morning hours of December 31st, the pair, accompanied by John Ferguson and Tony Downing, left an all-night disco on 13th and Locust Streets and flagged a Yellow Cab driven by Matthew McNeil. McNeil was instructed to proceed to 13th and Catherine Streets, near the Martin Luther King Housing Project. Appellant, in the front seat, told McNeil to enter a parking lot. McNeil, however, pulled over to the side, whereupon [A]ppellant drew a pistol and demanded money. McNeil was robbed of his wallet, watch, radio and several gold and silver

chains, in addition to $80.00. McNeil then drove to Broad and Catherine where, finding a policeman, he recounted the incident giving a detailed description of [A]ppellant.

Following the robbery, the quartet went to the home of [A]ppellant's sister where they divided the stolen goods.

Sometime thereafter, [A]ppellant suggested that the four "get some more money." Appellant, Davis and Ferguson then walked up to Broad and Catherine Streets where they flagged down a United Cab. With Ferguson in the front seat, Davis and [A]ppellant in the back, they told the driver, Russell Hubert, to drive to 12th and Catherine Streets. As Hubert drove into a lot between 12th and 13th and Catherine Streets, Ferguson pulled a pistol. Russell tried to grab the gun but Ferguson shot him in the head and ran from the cab. Appellant and Davis pulled the victim from the cab and robbed him of approximately $15.00. Davis then ran into the housing project, leaving [A]ppellant, who attempted to drive away in the cab. Instead, [A]ppellant crashed into a trash dumpster. By that time police had arrived at the scene, but [A]ppellant managed to flee into one of the buildings.

Hubert was transported to Pennsylvania Hospital where he was pronounced dead at 6:00 a.m., [on] December 31, 1980. The cause of death was a gunshot wound to the head.

Appellant surrendered to Housing Authority Police on the afternoon of December 31, 1980.

*Commonwealth v. Morris*, No. 305 Philadelphia 1982, unpublished memorandum at 2-3 (Pa. Super. filed January 27, 1984).

Based on these facts, a jury convicted Appellant of second-degree murder, two counts of robbery, and two counts of criminal conspiracy. On January 11, 1982, he was sentenced to a mandatory term of life imprisonment without the possibility of parole (LWOP) for his murder conviction, and two lesser concurrent terms of incarceration for his other offenses. *See id.* at 1. On direct appeal, this Court affirmed Appellant's

judgment of sentence. *See id.* According to the PCRA court, our Supreme Court denied Appellant's subsequent petition for allowance of appeal on July 20, 1984.[1] *See* PCRA Court Opinion (PCO), 1/26/17, at 1.

"Over the next twenty years, [Appellant] submitted nine petitions for collateral relief, all of which were denied as meritless or untimely." PCO at 1 (footnote omitted). On May 17, 2012, Appellant filed his tenth *pro se*, PCRA petition, which underlyies the present appeal. Therein, he argued various claims not relevant to the issue before us on appeal. While that petition was pending, on June 25, 2012, the United States Supreme Court issued its decision in *Miller v. Alabama*, 132 S.Ct. 2455, 2469 (2012) (holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders"). On July 9, 2012, Appellant filed an amended PCRA petition, asserting that under *Miller*, his facially untimely PCRA petition satisfied the 'new retroactive right' exception to the PCRA's one-year time-bar. *See* 42 Pa.C.S. § 9545(b)(1)(iii) ("Any petition filed under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the

_____

[1] This Court cannot locate a citation for that decision.

time period provided in this section and has been held by that court to apply retroactively.").[2]  More specifically, Appellant, whose 18th birthday was the day the murder took place, claimed that *Miller* applied to him because, based on the *precise time* of his birth, he was still 17 years old when the murder occurred.  To support this claim, Appellant attached to his petition a photocopied document appearing to be his birth certificate, which indicates that his date of birth was December 31, 1962, and his time of birth was 11:10 a.m.  *See* Amended PCRA Petition, 7/9/12, at "Exhibit A."

While Appellant's amended petition asserting *Miller* was pending, the Pennsylvania Supreme Court issued *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), holding that the rule announced in *Miller* does not apply

---

[2] As the PCRA court points out:

> The current version of the PCRA contains a provision permitting a defendant whose conviction became final prior to January 16, 1996, the date the current version of the PCRA took effect, to file a timely first PCRA petition within one year of that date.  *See Commonwealth v. Alcorn*, 703 A.2d 1054, 1056-57 (Pa. Super. 1997) (holding that where a petitioner's judgment of sentence became final on or before the effective date of the amendment to the PCRA, the amended PCRA contained a provision whereby a first PCRA petition could be filed by January 16, 1997, even if the conviction in question became final more than a year prior to the date of the filing).  [Appellant's] most recently filed PCRA petition was neither his first nor was it filed within one year of the date the amendment took effect; his petition is therefore untimely.

PCO at 2 n.4.

- 4 -

retroactively to defendants, like Appellant, whose judgments of sentence were final before **Miller** was decided. Over the ensuing years, Appellant filed numerous other *pro se* documents with the PCRA court (and even with this Court), including a petition for writ of *habeas corpus* and other amendments to his PCRA petition, seeking sentencing relief under **Miller** and attempting to distinguish his case from the ruling in **Cunningham**. The PCRA court took no action on these filings.

It was not until November 4, 2015, that the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition.[3] Therein, the court stated that Appellant's petition was untimely, and he could not satisfy the 'new retroactive rule' exception of section 9545(b)(1)(iii) based on **Miller**, as our Supreme Court held in **Cunningham** that **Miller** does not apply retroactively. On November 13, 2015, Appellant filed a *pro se* response to the court's Rule 907 notice, asking for his case to be stayed until the United States Supreme Court decided the issue of **Miller's** retroactivity in the pending case of **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016). On December 15, 2015, the PCRA court effectively

---

[3] The court noted in its Rule 907 notice that it considered Appellant's "numerous subsequent filings, including [his] petitions seeking *habeas corpus* relief, … as supplemental PCRA petitions because they raised issues remediable under the PCRA." Rule 907 Notice, 11/4/15, at 1.

denied Appellant's stay request by issuing an order denying his petition as being untimely.

On December 23, 2015, Appellant filed a timely, *pro se* notice of appeal. Shortly thereafter, on January 25, 2016, our Supreme Court issued **Montgomery**, holding that **Miller** *does* apply retroactively. **See Montgomery**, 136 S.Ct. at 735-36.[4] On January 26, 2017, this Court received a Pa.R.A.P. 1925(a) opinion from the PCRA court concluding that, based on the intervening case law, Appellant is now entitled to post-conviction relief. **See** PCO at 4. Specifically, the court concluded that **Miller** must apply retroactively to Appellant because he was a juvenile at the time of the murder for which he received a mandatory LWOP sentence. In deeming Appellant a juvenile, the court noted that,

> [a]ccording to his certificate of live birth, [Appellant] was born on December 31, 1962 at 11:10 am. **See** Supplemental Petition, 7/9/12[,] at Exhibit "A." The offense occurred in the early morning hours of December 31, 1980[,] as the victim was pronounced dead at approximately 6:00 am.

---

[4] Shortly after **Montgomery** was decided, this Court filed **Commonwealth v. Secreti**, 134 A.3d 77 (Pa. Super. 2016), which directed that **Montgomery** must be interpreted "as making retroactivity under **Miller** effective as of the date of the **Miller** decision" so as to "satisfy the 'has been held' conditional language enunciated in [**Commonwealth v. Abdul–Salaam**[, 812 A.2d 497 (Pa. 2002)]." **Secreti**, 134 A.3d at 82. Here, Appellant's initial PCRA petition was filed *before* **Miller** was decided, and his amended petition asserting the applicability of **Miller** was filed on July 9, 2012, well within 60 days of **Miller's** issuance on June 25, 2012. Therefore, Appellant satisfied the 60-day requirement of section 9545(b)(2).

*Id.* at 4 n.6.

On July 20, 2016, Appellant filed a *pro se* brief with this Court. Therein, he argues that, pursuant to **Montgomery**, he is entitled to retroactive application of **Miller**, which renders his LWOP sentence illegal. However, in the Commonwealth's brief, it contends that Appellant was *not* a juvenile at the time of the murder and, therefore, **Miller** is inapplicable. Specifically, the Commonwealth reasons that,

> [u]nder Pennsylvania law, a person is eighteen years old at 12:01 a.m. on the eighteen [*sic*] anniversary of his birthdate. [Appellant], thus, was eighteen years old when he committed the murder. **Miller** is inapposite. [Appellant's] tenth PCRA petition is time-barred.

Commonwealth's Brief at 6.

In response to the Commonwealth's argument, Appellant has filed a reply brief with this Court, maintaining that the *exact time* of his birth must govern for purposes of determining his age at the time of the murder. In other words, he argues that he was not 18 years old until 11:10 a.m. on December 31, 1980. Because the murder was committed at some point earlier than 6 a.m. on that day (as that was the time at which the victim was pronounced dead), Appellant argues that he was 17 years old at the time of the murder.

The unique and complicated factual and procedural history of this case, combined with the novel arguments presented by both Appellant and the Commonwealth, compel us to vacate the PCRA court's order and remand for further proceedings. The PCRA court denied Appellant's petition based

solely on **Cunningham's** holding that **Miller** does not apply retroactively; the PCRA court made no factual determination regarding Appellant's age at the time of the offense. Clearly, the basis for the PCRA court's order denying Appellant's petition is now erroneous in light of **Montgomery**.

Moreover, in its Rule 1925(a) opinion, the PCRA court changes course, concluding that Appellant *is entitled* to resentencing under **Miller**, as he was a juvenile at the time of the murder for which he received a mandatory LWOP sentence. **See** PCO at 4. In reaching this factual determination, the PCRA court did not have the opportunity to consider the arguments now being proffered by Appellant and the Commonwealth regarding the precise moment at which Appellant turned 18, *i.e.* 12:01 a.m., or 11:10 a.m., on December 31, 1980. More importantly, the PCRA court's conclusion that Appellant was a juvenile when he committed the murder rests solely on a photocopy of a birth certificate attached to Appellant's amended PCRA petition. The original of that document was never entered into evidence.

Based on this record, we conclude that it is necessary to vacate the PCRA court's order denying Appellant's petition and remand for an evidentiary hearing on the issue of when Appellant turned 18 for purposes of applying the rule announced in **Miller**.[5] At that hearing, Appellant may

---

[5] Because we are remanding this case for an evidentiary hearing, we deny Appellant's *pro se* motion for "Judicial Notice of Adjudicative Facts[,]" filed on December 5, 2016.

admit into evidence an original copy of his birth certificate. Additionally, the parties may argue their respective positions on this issue, and the PCRA court will have the opportunity to make a factual determination regarding Appellant's age at the time of the pertinent offense.[6]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017

---

[6] While we recognize that Appellant is not entitled to counsel, as this is not his first PCRA petition, it would seem prudent for the PCRA court to appoint him an attorney to assist him at the evidentiary hearing.