J-S92019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS LEWIS TERRY | |
| Appellant | No. 547 WDA 2016 |

Appeal from the PCRA Order March 31, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015702-1991

BEFORE:  SHOGAN, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                **FILED APRIL 17, 2017**

Thomas Lewis Terry appeals, *pro se*, from the March 31, 2016 order of the Allegheny County Court of Common Pleas dismissing as untimely his eighth petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

This Court summarized the procedural history of this case in a prior PCRA appeal as follows:

> On July 9, 1993, a jury convicted Terry of burglary, aggravated assault,[1] and spousal sexual assault.[2]  After sentencing and post-sentencing proceedings, Terry appealed and this Court affirmed his judgment of sentence on January 19, 1995.  Terry filed a petition for allowance of appeal to our Supreme Court, which was denied on July 17, 1995.  Terry did not file a petition for a writ of *certiorari* to the United States Supreme Court within the ninety days allowed by Supreme Court Rule 13.1.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Consequently, Terry's judgment of sentence became final on October 16, 1995[]³ . . . .

¹ *See* 18 Pa.C.S. §[§] 3502 and 2702, respectively.

² *See* 18 Pa.C.S. § 3128, *repealed by* Act of March 31, 1995, P.L. 985, No. 10, § 10.

³ The ninetieth day fell on October 15, 1995, but that date fell on a Sunday. Consequently, Terry's last day to file a timely *certiorari* petition was Monday[,] October 16, 1995. *See* Sup. Ct. R. 30.1.

*Commonwealth v. Terry*, No. 368 WDA 2014, unpublished mem. at 1-2 (Pa.Super. filed Dec. 18, 2014).

Terry filed the instant *pro se* PCRA petition, his eighth, on March 10, 2016. On March 15, 2016, the PCRA court issued a notice of intent to dismiss the petition as untimely under Pennsylvania Rule of Criminal Procedure 907, to which Terry filed a *pro se* response. On March 31, 2016, the PCRA court dismissed Terry's petition. On April 14, 2016, Terry filed a timely notice appeal and Pennsylvania Rule of Appellate Procedure 1925(b) statement with the PCRA court. He then filed an amended Rule 1925(b) statement on May 5, 2016.

On appeal, Terry raises the following issues:

Issue I: Whether United States Supreme Court has established that the deception of the court and jury by the knowing presentation [of] false evidence violates the due process guarantees of the Fourteenth Amendment. The Court explained that due process is a requirement that c[a]nnot be deemed to be satisfied by mere notice and hearing if a state has contrived a conviction through the pretense of a trial which in truth is but used as means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured. Such a contrivance by a

state to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation.

Issue II: Whether prosecutor misconduct would violate a defendant's due process rights . . . when the State, although not soliciting false evidence, allows it to go uncorrected when it appears. A prosecutorial misconduct claim may arise when the undisclosed evidence demonstrates that the prosecution's case includes perjured testimony and the prosecution knew, or should have known, of the perjury?

Issue III: Whether the Government Interference Exception to the timeliness requirement is applicable, petitioner alleged that his PCRA petition was not untimely, as he claimed that there was certain after-discovered evidence which would have changed the outcome of his trial had the information been available?

Issue IV: Whether petitioner is entitled to circumvent the timeliness requirement [for] filing a PCRA petition because he has after-discovered evidence that would change the outcome of his case had it been available at the time of trial?

Issue V: Whether the Opinion failed to address the recantation of the witnesses perjured testimony that is presented in the PCRA petition along with the offering of the witnesses compensation in exchange for false testimony that recantation is new evidence after-discovered evidence after trial [and] the court abuse[d] its discretion [by] not reviewing the perjured testimony which would require[] [an] evidentiary hearing to the truth-determining process of the witnesses credibility.

Issue VI: Whether Newly discovered evidence of recantation which related specifically to the very evidence supporting defendant's conviction qualified as more than impeaching, even if it was subsequently repudiated. Furthermore the recantation was certainly material to the issues involved, []going to the very heart of defendant's guilt or innocence. The witness's recantation of his key testimony, even if subsequently repudiated or not qualified as the type of newly discovered evidence for which relief was available?

Terry's Br. at 4 (citations omitted).

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Melendez-Negron**, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." **Id.**

We must first address the timeliness of Terry's PCRA petition, which is a jurisdictional requisite. **See Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A petitioner must file a PCRA petition, including a second or subsequent petition, within one year of the date his or her judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Here, the Pennsylvania Supreme Court denied Terry's petition for allowance of appeal on July 14, 1995. Terry did not seek review with the United States Supreme Court, so his judgment of sentence became final 90 days later, on October 16, 1995.[1] **See** 42 Pa.C.S. § 9545(b)(3); U.S. S. Ct. R. 13. Thus, the instant PCRA petition, filed on March 10, 2016, was facially untimely.

_____

[1] Where a petitioner's judgment of sentence became final on or before January 16, 1996, the effective date of the 1995 amendments to the PCRA, a grace proviso allowed the petitioner to file a timely first PCRA petition by January 16, 1997. **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056-57 (Pa.Super. 1997). Terry filed his first PCRA petition on January 22, 1996.

To overcome the time bar, Terry was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Terry must have filed his petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

In the instant PCRA petition, Terry attempted to assert the governmental interference and "new facts" exceptions to the one-year time bar. Both claims are based on Terry's alleged discovery of prosecutorial misconduct. However, as the PCRA court correctly determined:

> [Terry] claims that either the District Attorney actively encouraged witnesses to lie during his trial by offering them compensation in exchange for false testimony, or was aware that witnesses provided false testimony and did nothing about it. [Terry] asserts that he learned of a "reward fund." [He] did not clearly state, but insinuated[,] that he learned of the reward fund through recanted witness testimony. However, [Terry] did not provide any details about the alleged reward fund or any information that confirms that the reward fund is anything more than mere speculation on [his] part. [Terry] also failed to provide the date on which he became aware of the reward fund.

PCRA Ct. Op., 8/1/16, at 4. Terry failed to establish that he filed his petition within 60 days of discovering this allegedly new information. *See* 42 Pa.C.S.

§ 9545(b)(2).[2]  Therefore, the PCRA court lacked jurisdiction over Terry's petition.

Accordingly, because Terry's eighth PCRA petition was untimely filed and he failed to prove an exception to the one-year time bar, we conclude that the PCRA court properly dismissed the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/17/2017

---

[2] In his initial Rule 1925(b) statement, Terry also asserted a claim of an illegal sentence under **Alleyne v. United States**, 133 S. Ct. 2151 (2013), but he has abandoned that claim on appeal.