J-S74026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD WILLIAMS | : | |
| | : | |
| Appellant | : | No. 275 EDA 2017 |

Appeal from the PCRA Order January 6, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008316-2009

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:          **FILED DECEMBER 05, 2017**

Ronald Williams appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546.  After careful review, we affirm.

In November 2008, parole agents found Williams in possession of narcotics and multiple firearms; he was also mistreating pit bulls that were being trained to participate in illegal dog fighting.  Williams was arrested and charged with possession with intent to deliver a controlled substance,[1] a violation of the Uniform Firearms Act,[2] and animal fighting.[3]  On February 2,

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 6105(a)(1).

[3] 18 Pa.C.S. § 5511.  Section 5511 has since been repealed.  *See* Act 2017-10 (H.B. 1238), P.L. 215, § 3, approved June 28, 2017, eff. August 28, 2017.

2011, Williams entered a negotiated guilty plea to all charges and was sentenced to an aggregate term of imprisonment of 6-12 years. He filed no post-sentence motions or direct appeal. On August 16, 2011, Williams filed a *pro se* PCRA petition, which was amended by counsel. After an evidentiary hearing, the court denied his petition. Williams appealed that decision; our Court affirmed the dismissal of his petition. **See Commonwealth v. Williams**, No. 2962 EDA 2013 (unpublished memorandum) (Pa. Super. filed Nov. 7, 2014). On March 19, 2015, Williams filed the instant *pro se* PCRA petition, his second. Counsel was appointed and filed a supplemental amended petition on Williams's behalf. On November 9, 2016, the trial court issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. On January 6, 2017, the court dismissed Williams's petition.

Williams filed a timely notice of appeal; he presents the following issues for our consideration:

> (1) Whether the court erred in denying [Williams's] PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding tr[ia]l counsel's ineffectiveness.
>
> (2) Whether the court erred in not granting relief on the PCRA petition.

The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012).

The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.* Moreover, a court has the discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. *See* Pa.R.Crim.P. 907.

Instantly, Williams's judgment of sentence became final for purposes of the PCRA on March 4, 2011, when the time expired for him to file a direct appeal. *See* Pa.R.A.P. 903. Thus, he had until March 4, 2012, to file a timely PCRA. His current petition was not filed until March 19, 2015, thus is it is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997) (generally, petition for PCRA relief, including second or subsequent petition, must be filed within one year of date judgment is final).

There are, however, exceptions to the PCRA's time requirement, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i),(ii), and (iii). Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, newly discovered facts or evidence, and an after-recognized constitutional right. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Id.*; *see also* 42 Pa.C.S.A.

§ 9545(b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Williams claims that he has pled and proven the newly-discovered facts exception to the PCRA, 42 Pa.C.S. § 9545(b)(1)(ii), and the PCRA's governmental interference exception, *id.* § 9545(b)(1)(i). Specifically, Williams claims that the Commonwealth had a continued duty to disclose that former Philadelphia Police Officer Michael Spicer, who was on the Commonwealth's trial witness list in his case, had been under investigation from 2006-2012 for suspected corruption. Williams contends that the evidence would have compelled a different result at his trial, that he was "entitled to it for impeachment purposes," Appellant's Brief, at 19, and that had he been aware of the evidence, he would not have pleaded guilty. *Id.* at 20.

Here, Williams filed his *pro* se petition on March 19, 2015. To meet either section 9545(b)(1) exception, the petition must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Williams asserts that he filed his petition well within 60 days of the discovery of the new evidence when "on or about February 23, 2015, as a result of an investigation by [his] private investigator, . . . [he] discovered that the Philadelphia District Attorney's Office had not turned over the Commonwealth's witness list which shows that . . . Spicer was schedule to testify at [his] trial . . . and that he was under several investigations from

- 4 -

2006 to 2012." Appellant's Brief, 18-19. Williams does not explain why, in the exercise of due diligence, he could not have obtained a copy of the Commonwealth's witness list prior to this date. Thus he has failed to prove a timeliness exception under the PCRA.

Moreover, Williams's contention that he would not have pleaded guilty if he had been privy to the impeachment evidence about Officer Spicer, is also not compelling. The prosecution is not required to disclose potential impeachment evidence prior to entering into a plea agreement with a defendant. **United States v. Ruiz**, 536 U.S. 622 (2002).

Having determined that are no genuine issues concerning any material fact, that Williams is not entitled to post-conviction collateral relief, and that no legitimate purpose would be served by further proceedings, the PCRA court properly declined to hold an evidentiary hearing on Williams's petition. Pa.R.Crim.P 907. Moreover, because Williams's untimely petition does not prove any section 9545(b)(1) exception, the court's decision to dismiss the petition is supported by the evidence of record and is free of legal error. **Johnston**, **supra**.

Order affirmed.[4]

---

[4] We note that even if Williams's petition were timely filed, he would not succeed in proving an after-discovered evidence claim under the PCRA where Williams would be using the allegations against Officer Spicer to attack the officer's credibility for impeachment purposes. **See** 42 Pa.C.S. § 9543(a)(2); **see also Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017) (to prevail on after-discovered evidence claim under PCRA, evidence must not be used solely

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/5/2017

---

to impeach credibility). Moreover, we would also be hard pressed to ascertain how the use of the evidence would have resulted in a different verdict, had Williams withdrawn his plea and gone to trial, where he has not alleged how Officer Spicer was in any way connected to his arrest or prosecution. Based on the large quantity of drugs and drug paraphernalia found in the residence where Williams was apprehended, the jury could infer, without the use of a potential expert narcotic officer, that Williams possessed the drugs with the intent to deliver.