J-S31024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LARRY DONNELL NICHOLAS :
:
Appellant : No. 2380 EDA 2017

Appeal from the PCRA Order July 5, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1207101-1998

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 05, 2018**

Larry Donnell Nicholas appeals, *pro se*, from the trial court's order dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S §§ 9541-9546. After careful review, we affirm.

On January 11, 2001, a jury convicted Nicholas of first-degree murder and related firearms offenses. The charges stemmed from the 1998 shooting death of Victor Garrett. On March 7, 2001, the trial court sentenced Nicholas to a mandatory term of life imprisonment for murder and consecutive sentences of 12-24 months' incarceration for the remaining offenses. Nicholas filed a timely direct appeal; our Court affirmed his judgment of sentence on December 13, 2002. Nicholas did not file an appeal to the Pennsylvania Supreme Court or the United States Supreme Court.

Nicholas filed three PCRA petitions on December 17, 2003, January 17, 2008, and August 5, 2008. They were all dismissed. The current petition,

filed on May 2, 2017, is his fourth.  The court dismissed this latest petition on July 5, 2017.   Nicholas filed a timely notice of appeal.  He raises the following issues for our consideration:

> (1) Whether the court erred by dismissing [Nicholas'] May 2, 2017, PCRA petition in which [Nicholas] asserts that he qualifies for timeliness exception under 42 Pa.C.S. § 9545(b)(1)(iii) based on a newly-recognized constitutional right that should be applied retroactively to his case on collateral review.
>
> (2) Whether retrospectively [sic] utilizing post-**Burton** [sic] judicial opinion PCRA petitioner qualified for the exception under subsection 9545(b)(1)(ii).
>
> (3) Whether retrospectively [sic] utilizing post-**Burton** [sic] judicial opinion PCRA petitioner meritoriously met the 60-day timeliness requirement.
>
> (4) Whether retrospectively [sic] utilizing post-**Burton** [sic] judicial opinion PCRA petitioner was denied an opportunity to present Mr. Willie Singletary as a witness; the PCRA judge did not have an opportunity to view Mr. Singletary's demeanor and properly evaluate his credibility.

Appellant's *Pro Se* Brief, at 4.

Nicholas admits that his petition is patently untimely under the PCRA. Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final.  **See** 42 Pa.C.S.A. § 9545(b)(3); see also **Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. Super. 1997).  Here, Nicholas' judgment of sentence became final under the PCRA on January 13, 2003 when the time expired for him to file a petition for allowance of appeal with the Pennsylvania Supreme Court.  **See** Pa.R.A.P. 1113.  Thus, Nicholas had until January 13, 2004, to file a timely petition.

Because his petition was filed more than thirteen years later, his petition is patently untimely.

There are, however, exceptions to the time requirement. Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, newly-discovered facts or evidence, and an after-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i),(ii), and (iii). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." 42 Pa.C.S.A. § 9545(b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. ***Commonwealth v. Robinson,*** 837 A.2d 1157 (Pa. 2003).

Invoking section 9545(b)(1)(iii) under the PCRA, the after-recognized constitutional right exception, Nicholas argues that ***Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017), applies retroactively to his case and gives the PCRA court jurisdiction to consider the merits of his petition. In ***Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017), our Supreme Court recently held that "the presumption that *information which is of public record* cannot be deemed 'unknown' for purposes of subsection

9545(b)(1)(ii)[, the newly-discovered fact exception,[1]] does not apply to *pro se* prisoner petitioners. ***Id.*** (emphasis added). Nicholas claims that an affidavit, signed on June 26, 2008, from fellow inmate Willie Singletary (otherwise known as "Ski"), avers that Singletary was a witness to the murder and that Nicholas was not the shooter are newly-discovered facts.[2]

As the trial court notes, Nicholas' claim does not involve information which is of public record; thus, ***Burton*** is not applicable to his situation. Moreover, Nicholas failed to plead and prove how he could not have discovered "Ski's" identity and the alleged alibi information earlier through the exercise of due diligence, especially when a trial witness testified that Ski was present

---

[1] Pursuant to the newly-discovered fact exception:

   (1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

*        *        *

   **(ii)** the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545.

[2] Nicholas first presented this affidavit in his unsuccessful August 2009 PCRA petition. On appeal, our Court affirmed the dismissal of the petition, noting "Nicholas has failed to demonstrate **why** these 'facts' could not have been ascertained earlier by the exercise of due diligence." ***Commonwealth v. Nicholas***, 2845 EDA 2009, at 5 (Pa. Super. filed May 25, 2010) (unpublished memorandum) (emphasis in original).

at the crime scene. Accordingly, he has failed to plead and prove an exception to the PCRA's timeliness requirements. Thus, the trial court properly dismissed Nicholas' untimely petition because the court lacked jurisdiction in the matter. **Robinson**, **supra**.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/18