J-S50029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON JOHNSON | : | |
| | : | |
| Appellant | : | No. 806 EDA 2020 |

Appeal from the PCRA Order Entered January 23, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0704361-1993

BEFORE:   BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                     **FILED:  MARCH 22, 2021**

Appellant, Aaron Johnson, appeals *pro se* from the January 23, 2020 order denying his sixth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the procedural history of this case as follows:

> On October 5, 1994, a jury convicted Appellant of two counts of robbery, two counts of aggravated assault, criminal conspiracy, and carrying firearms on a public street or in a public place in Philadelphia.[1]  On November 29, 1994, the trial court sentenced Appellant to an aggregate term of twenty-five to fifty years' imprisonment. Appellant filed a post-sentence motion on December 7, 1994, which was denied on April 14, 1995, by operation of law. Appellant did not pursue direct review. Between 1996 and 2007,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(i), 2702(a), 903, and 6108, respectively.

Appellant filed three PCRA petitions, which were all denied and later affirmed. On April 11, 2011, Appellant filed a fourth *pro se* serial PCRA petition, which the PCRA court denied as untimely filed on March 14, 2012, after issuing notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907.

*Commonwealth v. Johnson*, 97 A.3d 797[, 215 EDA 2012] (Pa. Super. [filed February 10,] 2014) (unpublished memorandum at 1).[1]

[1] On June 30, 2009, the victim whom Appellant shot in the neck during the [robbery] died as a result of that gunshot wound. Appellant was charged with criminal homicide at [a separate trial court docket] and was convicted of first-degree murder following a jury trial on May 14–17, 2012....

*Commonwealth v. Johnson*, 181 A.3d 120, 16 EDA 2017 (Pa. Super. filed December 4, 2017) (unpublished memorandum at *1). On April 9, 2015, Appellant filed his fifth PCRA petition, which the PCRA court denied on November 18, 2016. Appellant filed an appeal to this Court, and on December 4, 2017, we affirmed the order denying Appellant's untimely petition. *Id.*

On March 19, 2018, Appellant filed his sixth PCRA petition, which underlies the instant appeal. On December 18, 2019, the PCRA court informed Appellant of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On January 23, 2020, the PCRA court dismissed Appellant's petition as untimely and meritless. Appellant filed a notice of appeal that was docketed in the PCRA court on March 10, 2020.

As a general rule, a notice of appeal must be filed within thirty days from the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). Thus, Appellant had to file his appeal on or before February 20, 2020.

However, "the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011). Although Appellant's appeal was not docketed until March 10, 2020, the notice of appeal is dated February 20, 2020. Moreover, the notice of appeal is date-stamped "Received FEB 21, 2020 Office of Judicial Records Appeals/Post Trial." We are satisfied that Appellant placed his notice of appeal in the prison mail on February 20, 2020, and as such, we conclude that the filing of this appeal is timely pursuant to the prisoner-mailbox rule.[2]

On appeal, Appellant raises the following issues, which are set forth verbatim, as follows:

> 1. THE PCRA COURT ERRED BY DISMISSING THE PETITION AS TIME BARRED WHERE APPELLANT INVOKED AN EXCEPTION IN ACCORDANCE WITH §9545(b)(1)(ii), §9545(b)(2), and §9543(a)(2)(vi). A CONSTITUTIONAL RIGHT ALSO CONTINUALLY VIOLATED.
>
> 2. THE NATURE OF THE AFTER DISCOVERED EVIDENCE PRESENTED BY A.D.A PROSECUTION RICHARD SAX AMOUNTS TO PROSECUTORIAL MISCONDUCT: (thus deemed after discovered facts as recently decided by the Supreme Court.)

---

[2] The PCRA court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

> 3. APPELLANT MOVES THE COURT TO HEAR THE ARGUMENTS HEREIN IN LIGHT OF THE DOUBLE JEOPARDY CLAIM, GOVERNMENT OPPRESSION, AND THE RECENT DECISION IN COMMONWEALTH V. BURTON...(PA. SUPREME COURT).

Appellant's Brief at 3 (verbatim).

Before we may reach the merits of Appellant's appeal, we must first determine if Appellant's PCRA petition was timely because the PCRA time limitations are jurisdictional. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3). When a petitioner files a PCRA petition beyond the one-year time-bar, he must plead and prove at least one of the time-bar exceptions. These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Previously, a petitioner was required to raise an exception within sixty days from the date that a claim could have been raised; however, Section 9545(b)(2) was amended and now provides that a petitioner has one year rather than sixty days to raise a claim. 42 Pa.C.S. § 9545(b)(2) (as amended October 24, 2018, P.L. 894, No. 146, effective in sixty days). This amendment became effective on December 24, 2018, but it applies only to claims arising on December 24, 2017, or thereafter. *Id.*

The record reveals that Appellant's judgment of sentence became final on December 29, 1994, thirty days after the trial court imposed sentence, and the time for filing a direct appeal expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.Crim.P. 720(A)(3). We note that the PCRA was amended in 1995 to add the timing requirements of Section 9545(b), and a proviso providing a grace period for petitioners, such as Appellant, whose judgments of sentence became final on or before the January 16, 1996 effective date of the amendments. ***See Commonwealth v. Alcorn***, 703 A.2d 1054, 1057 (Pa. Super. 1997) (discussing the application of the proviso) (citing the Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1), § 3(1)). However, the proviso applies only to first petitions filed by January 16, 1997. *Id.* Because this is Appellant's sixth petition, and it was filed on March 19, 2018, the grace period does not apply; Appellant's sixth petition was patently untimely.

Appellant avers that he satisfied the newly discovered facts exception enumerated in 42 Pa.C.S. § 9545(b)(1)(ii). Appellant asserts that the Honorable Anne E. Lazarus was the judge at his criminal trial, and he learned that Judge Lazarus participated as a member of the panel of this Court in the memorandum disposing of Appellant's fifth PCRA petition. Sixth PCRA Petition, 3/19/18, at ¶ 3 (citing **Johnson**, 16 EDA 2017 (unpublished memorandum)). After review, we conclude that Appellant has failed to satisfy an exception to the PCRA's time-bar.

First, we note that in his brief, Appellant fails to provide any argument explaining why Judge Lazarus's participation on a panel of this Court, which denied a patently untimely serial PCRA filed twenty years after Appellant's criminal trial, could constitute a basis for PCRA relief. Moreover, we also note that the December 4, 2017 memorandum dismissing Appellant's fifth PCRA petition predates December 24, 2017, which is the date enumerated in the amended version of Section 9545. 42 Pa.C.S. § 9545(b)(2) (as amended October 24, 2018, P.L. 894, No. 146, effective in sixty days). Thus, Appellant was required to file his PCRA petition and raise this exception within sixty days from December 4, 2017, or in other words, before Friday, February 2, 2018. As stated, Appellant did not file his sixth PCRA petition until March 19, 2018.

Therefore, Appellant failed to satisfy an exception that would confer jurisdiction upon the PCRA court in his patently untimely sixth PCRA petition.[3]

Accordingly, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that the PCRA court lacks jurisdiction to hear an untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. *See Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that this Court lacks jurisdiction to reach merits of an appeal from an order denying an untimely PCRA petition). Therefore, we affirm the order denying Appellant's sixth PCRA petition.

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

_____

[3] Appellant purported to raise additional exceptions to the PCRA time-bar in his first and second issues on appeal. These claims involved the testimony of Mr. Boatright, a trial witness, and allegations of prosecutorial misconduct. Appellant's Brief at 7, 10. However, Appellant unsuccessfully raised these issues in his April 9, 2015 PCRA petition. Fifth PCRA Petition, 4/9/15, at ¶¶ 16-29; PCRA Court Order, 11/18/16; *Johnson*, 16 EDA 2017 (unpublished memorandum at *2). We conclude that these allegations do not satisfy the newly discovered facts exception under 42 Pa.C.S. § 9545(b)(1)(ii), as these claims were long-known to Appellant such that they were raised in a prior PCRA petition. Additionally, these claims do not constitute after-discovered evidence pursuant to 42 Pa.C.S. § 9543(a)(2)(vi); rather, they were previously litigated, and they cannot constitute grounds for PCRA relief. *See* 42 Pa.C.S. § 9543(a)(3) (prohibiting PCRA relief for claims that were previously litigated).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/22/21</u>