J-S46005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PAUL CHARLES HELMICK | : | |
| | : | |
| Appellant | : | No. 268 WDA 2024 |

Appeal from the PCRA Order Entered February 12, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000552-2012

BEFORE: LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: FEBRUARY 5, 2025**

Paul Charles Helmick appeals, *pro se*, from the order, entered in the Court of Common Pleas of Washington County, dismissing his second Post-Conviction Relief Act (PCRA) Petition as untimely. **See** 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

Helmick was convicted of criminal attempt—homicide,[1] two counts of aggravated assault,[2] and burglary.[3] The charges stemmed from Helmick striking the victim, his former girlfriend, in the head with a sledgehammer in January 2012. As Helmick left the victim's apartment building following the attack, Helmick told the victim's neighbor, "I killed that bitch dead." N.T. Jury Trial, at 65-66. The victim suffered the following injuries from the brutal

---

[1] 18 Pa.C.S.A. §§ 901(a), 2501.

[2] *Id.* at §§ 2701(a)(1), (a)(4) (with deadly weapon).

[3] *Id.* at § 3502(a).

event: a right-side skull fracture, middle-ear trauma, a cracked rib and a blood clot on the left side of her head. The victim also needed six staples in her head; she suffers from memory loss and constant ringing in her ears.

Following his jury trial, Helmick was sentenced, on October 10, 2012, to an aggregate term of 15-30 years' imprisonment. Our Court affirmed his judgment of sentence. *See Commonwealth v. Helmick*, 1600 WDA 2012 (Pa. Super. filed Nov. 12, 2013) (unpublished memorandum decision). Helmick filed a petition for allowance of appeal with the Pennsylvania Supreme Court that was denied on June 2, 2014. *Commonwealth v. Helmick*, 93 A.3d 462 (Pa. 2014) (Table).

On December 26, 2014, Helmick filed, *pro se*, a timely, 125-page first PCRA petition asserting various claims of trial court and trial counsel error. On January 23, 2015, Helmick filed a *pro se* supplement to his original petition. Counsel, who was appointed to represent Helmick, filed a motion to withdraw from representation, pursuant to *Turner*/*Finley*.[4] Helmick filed a *pro se* response to counsel's motion. The trial court granted counsel's motion to withdraw and informed Helmick that his petition would be dismissed without a hearing unless he filed a response. *See* Pa.R.Crim.P. 907. Helmick filed a response. On April 25, 2017, the trial court dismissed Helmick's petition.

Helmick filed a *pro se* collateral appeal to this Court. On August 15, 2018, our Court affirmed the order denying Helmick PCRA relief. *See*

_____

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

***Commonwealth v. Helmick***, 195 A.3d 1001 (Pa. Super. 2018) (Table). Helmick filed a reargument petition in this Court, which was denied on October 23, 2018. Helmick then filed a petition for allowance of appeal, which was denied by the Pennsylvania Supreme Court on May 22, 2019. On June 16, 2019, Helmick filed a writ of *habeas corpus*, **see** 28 U.S.C. § 2254, in the United States District Court for the Western District of Pennsylvania, which was denied on October 20, 2022.

On July 10, 2023, Helmick filed the instant counseled PCRA petition alleging that it was his "first opportunity to challenge his prior post-conviction counsel's ineffectiveness." **See** PCRA Petition, 7/10/23, at 4. PCRA counsel cited section 9545(b)(1)(ii) of the PCRA as an exception to the PCRA time bar. **See id.** at 5 ("Helmick's instant petition would be untimely[,] however[, it] should be excepted from any untimeliness based upon § 9545(b)(1)(ii) and his discovery of post-conviction counsel's inaction or constructive abandonment."). On December 20, 2023, the PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing. Subsequently, PCRA counsel sought and was granted leave to withdraw. Helmick filed a *pro se* Rule 907 response and, on February 12, 2024, the PCRA court dismissed the petition.

Helmick filed a timely notice of appeal.[5] Helmick presents the following issues for our consideration:

(1) Did the PCRA court err by not concluding that [Helmick's] subsequent petition requesting an evidentiary hearing should be treated as timely falling within the timeliness exception guidelines ?

(2) Was the PCRA court in error when interpreting that [Helmick] did not raise any issues of PCRA counsel's ineffectiveness in his original appeal to the Superior Court and because the instant [PCRA] petition is grounded in PCRA ineffectiveness [that] this particular claim is waived?

(3) Whether the PCRA court erred by finding that [Helmick's] subsequent [PCRA] petition does not meet the newly[-]discovered fact and retroactiveness threshold and[,] therefore[,] is untimely?

(4) Whether the PCRA court is in error by issuing a final order denying [Helmick's] petition without conducting a hearing when [PCRA] counsel's conduct is in question?

Appellant's *Pro Se* Brief, at 4.

When reviewing an order denying PCRA relief, we must "determine whether it is supported by the record and is free of legal error." ***Commonwealth v. Cousar***, 154 A.3d 287, 296 (Pa. 2017). Furthermore, we note:

[T]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain reversal of a PCRA

---

[5] The PCRA court did not order, and Helmick did not file, a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court explained its reasons for dismissing Helmick's petition, without a hearing, in its Rule 907 notice.

court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Id.* at 297 (citations and some punctuation omitted).

Before we may address Helmick's issues on appeal, we must first determine whether the PCRA court had jurisdiction to consider his PCRA petition. Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also Commonwealth v. Alcorn***, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i),(ii), and (iii).[6] Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions

---

[6] Any PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i-iii).

must "be filed within one year of the date the claims could have been presented." *Id.*; *see also* 42 Pa.C.S.A. § 9545(b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Here, Helmick's judgment of sentence became final on September 1, 2014, when the time expired for him to file a writ of certiorari with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545 (b)(3); Sup. Ct. R. 13. Thus, Helmick had until September 2, 2015, to file a timely PCRA petition. The current petition, filed on July 10, 2023, is, therefore, patently untimely. Unless Helmick pleads and proves a timeliness exception to the PCRA time-bar, the PCRA court had no jurisdiction to consider the merits of his petition. *See Commonwealth v. Jackson*, 30 A.3d 845 (Pa. 2012) (if PCRA petition deemed untimely and no exception pled and proven, petition must be dismissed without hearing because court lacks jurisdiction to consider merits of petition).

Instantly, Helmick claims that the instant petition "sprang from [his] original PCRA [petition], which was dismissed on the ground of a faulty *Turner/Finley* no-merit letter and Helmick's original PCRA counsel's constructive abandonment of him." Appellant's Brief, at 19. Helmick also challenges the effectiveness of his original PCRA attorney, claiming that, under

***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021),[7] this is his first opportunity to challenge his prior PCRA counsel's ineffectiveness. Next, Helmick claims that the instant petition should be considered timely because he "was denied the opportunity to make any amendments to his petition at any stage when he requested it at every stage, which all [Pennsylvania c]ourts have failed to recognize to date [and that] the **newly[-]discovered facts** announced herein should apply retroactively[.]" Appellant's Brief, at 19. (emphasis added). Finally, Helmick asserts that he is entitled to an evidentiary hearing "with all previous counsels present to discern the reasonableness of their conduct and factual development in giving Helmick opportunity to substantiate his meritorious claims within the PCRA court." ***Id.***

As the trial court notes, Helmick's petition is "grounded on a claim that his first PCRA counsel was ineffective." Trial Court's Rule 907 Notice, 12/20/23, at 3. Our caselaw is clear that ***Bradley*** did not "create a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permit recognition of such a right." ***See Commonwealth v. Stahl***, 292 A.3d 1130, 1136 (Pa. Super. 2023). Moreover, because Helmick's first PCRA attorney moved to withdraw in November 2016, Helmick was aware of his purported "constructive

---

[7] In ***Bradley***, our Supreme Court held that "[a] petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCR[A] counsel's ineffectiveness **at the first opportunity to do so**, even if on appeal." ***Id.*** at 401.

abandonment" more than one year before he filed the instant petition in July 2023. *See* 42 Pa.C.S.A. § 9545(b)(2).

Because Helmick filed his second PCRA petition more than seven and one-half years after his judgment of sentence became final, and he failed to prove a time-bar exception, the PCRA court did not err in dismissing his petition without a hearing. *Robinson*, *supra*.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>2/5/2025</u>